Currie, J.
 

 The school-reorganization order before us on this appeal was entered by the Joint School Committee on its own motion pursuant to sec. 40.03, Stats. As a condition precedent to entering such order the Joint School Committee was required to hold a public hearing and give notice thereof by personal service, posting, and publication, all as prescribed by sec. 40.025 (2) (a). The requirement of such latter statute with respect to publication is that the notice of the hearing “be published once in at least one newspaper which has general circulation in the school districts affected by the proposed reorganization,” not less than ten days before the date of the hearing.
 

 Sec. 40.025 (1) (a), Stats., provides in part as follows:
 

 “Jurisdiction of a reorganization authority, ... to make orders of school district reorganization ... is acquired upon .. . the giving of notice of a public hearing when a reorganization authority acts upon a resolution adopted upon its own motion.”
 

 It is thus apparent that a failure to give the notice of hearing by publication as required by sec. 40.025 (2) (a), Stats., would constitute a jurisdictional defect which would have required the invalidating of the reorganization order by the circuit court. The sole issue on this appeal is whether the Whitefish Bay Herald, the newspaper in which the publication of the notice of hearing took place, had a
 
 “general circulation”
 
 in the Mapledale district within the meaning of such statute.
 

 
 *591
 
 Sec. 40.025 (4), Stats., provides-.that a school reorganization order “shall be presumptive evidence of the facts recited therein and of the validity, of- all proceedings preliminary thereto.” There is also a common-law presumption that public officers in performing their official duties have complied with all statutory requirements.
 
 Marshall Drainage Dist. v. Festge
 
 (1956), 272 Wis. 114, 118, 74 N. W. (2d) 616, and
 
 Bohn v. Sauk County
 
 (1954), 268 Wis. 213, 219, 67 N. W. (2d) 288.
 

 ■ Counsel for the appellant Bartlett maintain that there is no presumption that a valid publication of the notice of ■hearing was had in the instant case. This is because it is contended that it appears from the reorganization order itself that the Whitefish Bay Herald is not a newspaper of general -circulation in the Mapledale district. Such order recited that í‘proper notice as required by statute was given of said ■public hearing on the proposed order of reorganization as evidenced by Exhibits 1 through 6.” These six exhibits are attached to the order and Exhibit 5 is the one which relates to the newspaper publication of the notice of hearing. This exhibit is an affidavit of a clerk of the Whitefish Bay Herald which, among other things, states that such newspaper is “of general circulation ... in the village of Whitefish Bay,” but is silent as to any circulation in the municipalities, parts of which comprise the Mapledale district.
 

 Approximately the western half of the villages of -Fox Point and Bayside lies within the boundaries of the Maple-dale district. A portion of the village of River Hills also lies within its- boundaries as does a small portion of the city of Glendale. No part of such district lies in Ozaukee county although a 'small portion of the Fox Point district does. The village of Whitefish Bay is contiguous to both the city .of Glendale and the village of Fox Point. -> ' •
 

 We are satisfied that, if no evidence had been introduced at the hearing on the appeal in circuit court, the statutory
 
 *592
 
 and common-law presumptions would be sufficient to sustain the validity of the publication of. the notice of hearing. This •is because the statement appearing in Exhibit 5 attached to the order, that the Whitefish Bay Herald has a general circulation in the village of Whitefish Bay, does not imply that it may not also have had such a circulation in the adjoining territory comprising the Mapledále district. At the most such statement is ambiguous, and wholly insufficient in itself to rebut the presumptions of validity and regularity.
 

 The burden of presenting evidence sufficient to rebut these presumptions was upon the appellant. Until such presumptions are rebutted there was no obligation on the part of the Joint School Committee to present evidence that the Whitefish Bay Herald did have a general circulation in the Maple-dale district. The fact that the Joint School Committee filed an answer in the appeal proceeding which, affirmatively alleged that such newspaper had a general circulation in excess of 3,000 subscribers, a large number of which resided in the Mapledale district, is wholly immaterial on this question of who had the burden of going forward with the evidence.
 

 At the hearing, the appellant examined the publisher of such newspaper as a witness. He testified that in 1958 it had 325 subscribers in Fox Point, 15 to 30 in Bayside, 10 in River Hills, and a small circulation in Glendale. However, he was unable to state how many, if any, of these subscribers resided in the Mapledale district because the newspaper did not keep subscription records which disclosed this. We deem such evidence to be wholly insufficient to rebut the afore-mentioned presumptions.
 

 Appellant’s brief calls attention to sub. (1) of sec. 331.20, Stats., which specifies the qualifications which a newspaper must possess in order to be eligible.to.receive compensation for the publication of legal notices. Among such specified
 
 *593
 
 qualifications is that for at least two years before the date of the published notice it “has had a
 
 bona fide
 
 paid circulation to actual subscribers of not less than 300 copies at each publication, if in villages or cities of the third and fourth class, and 1,000 copies in cities of the first and second class.” We do not construe sec. 331.20 (1) as requiring the Whitefish Bay Herald to have any particular circulation in the Mapledale district in order to make it a legal medium for publication of the instant' notice of hearing. It had many more than 300 paid subscribers in Whitefish Bay where published, and this met the minimum-circulation figure specified in sec. 331.20 (1).
 

 However, a publication of a notice of a public hearing in a school-reorganization proceeding that was published in a newspaper which met the minimum-circulation requirements of sec. 331.20 (1), Stats., might nevertheless be insufficient to comply with sec. 40.025 (2) (a). For example, this could occur in a situation where it had more than 300 paid subscribers in the village where published but the published notice affected school districts without the boundaries of the village. In order for such notice to comply with sec. 40.025 (2) (a) it would be necessary to have a
 
 “general
 
 circulation” in such school districts. We do not deem that the provisions of sec. 331.20 (1) would have any relevancy in resolving the question of whether there was such general circulation in the affected school districts. However, the disposition of this appeal does not require that we here attempt to define the statutory phrase
 
 “general circulation
 
 For decisions of courts of other jurisdictions which have passed upon the problem, see Anno. 68 A. L. R. 542.
 

 By the Court.
 
 — Order affirmed.