JOINT SCHOOL DISTRICT No. 1 OF CITY OF WATERTOWN, etc., and others, Appellants, v. JOINT COUNTY SCHOOL COMMITTEE OF JEFFERSON, DODGE, AND WAUKESHA COUNTIES, Respondent.

*February 3—March 2, 1965.*

For the appellants there were briefs and oral argument by *Francis Lamb* of Madison.

For the respondent there was a brief by *Harold J. Wollenzien* of Waukesha, corporation counsel, *Harold H. Eberhardt* of Lake Mills, corporation counsel, and *Fred R. Schwertfeger* of Juneau, corporation counsel, attorneys, joined in by *Hilbert W. Dahms* of Oconomowoc, attorney for Joint School District No. 3 of the city of Oconomowoc, of counsel, and oral argument by *Mr. Dahms, Mr. Wollenzien,* and *Mr. Eberhardt.*

WILKIE, J. Before a joint school committee can enter a school-district reorganization order, a public hearing must be held and notice given thereof by personal service, posting, and publication.[1] Sec. 40.025 (2) (a), Stats., requires that notice "be published once in at least one newspaper which has general circulation in the school districts affected by the

---

[1] Sec. 40.025 (2) (a), Stats. See also *Bartlett v. Joint County School Comm.* (1960), 11 Wis. (2d) 588, 106 N. W. (2d) 295.

proposed reorganization." The committee loses jurisdiction [2] which it has obtained over the reorganization matter [3] by failing to substantially comply with the procedural steps required before the order can be issued.[4] The sole issue presented on this appeal is whether publishing the notice in the Watertown Daily Times substantially complied with the general-circulation provision of the notice statute.

Appellants have the burden of overcoming the common-law presumption that public officials have complied with all statutory requirements in performing their official duties.[5] There is also the statutory presumption that school-district reorganization orders "shall be presumptive evidence of the facts recited therein and of the validity of all proceedings preliminary thereto." [6]

Appellants argue that since the order failed to recite any facts and declare that notice was given, the presumption does not arise. The reorganization order in the present case read in part:

"Pursuant to the provisions of Sections 40.02 (5), 40.025 (2) and 40.03 of the Wisconsin Statutes, the Jefferson, Dodge and Waukesha County School Committees having held a formal public hearing on the 14th day of October, 1963, and having held a conference with the school boards of the districts involved on October 14 and November 12, 1963, all being in accordance with the provisions of Section 40.03,

[2] Sec. 40.025 (1) (d), Stats.

[3] Sec. 40.025 (1) (a), Stats. "Jurisdiction of a reorganization authority, other than the state superintendent, to make orders of school district reorganization . . . is acquired upon the filing of a petition . . . ."

[4] Sec. 40.025 (1) (d) 1, Stats.

[5] *Reinders v. Washington County School Comm.* (1962), 15 Wis. (2d) 517, 113 N. W. (2d) 141; *Bartlett v. Joint County School Comm., supra,* footnote 1; *Marshall Drainage Dist. v. Festge* (1956), 272 Wis. 114, 74 N. W. (2d) 616.

[6] Sec. 40.025 (4), Stats.; see also *Reinders v. Washington County School Comm., supra,* footnote 5, at page 522.

precedent to the issuance of this order, following described territory to-wit: . . ."

In *Reinders v. Washington County School Comm.,*[7] a contention similar to appellants' was made against a reorganization order which recited:

" '. . . all proceedings, notices, publications, and hearings have been duly made pursuant of and in accordance with the statutes and laws of the state of Wisconsin, . . .' "

The presumption was applied and the order upheld. If the order in *Reinders* was entitled to the statutory presumption so must be the one in the instant case.

Appellants' main argument is that since the Watertown Daily Times had only a circulation of 139 in Waukesha county, where 15,309 people within the Oconomowoc District reside, the paper cannot have general circulation in that district. The precise question of exactly what is meant by "general circulation" has not yet been resolved in this state. Decisions in other jurisdictions indicate, however, that whether or not general circulation exists hinges not upon the *number* of people who receive the newspaper, but rather upon whether the news coverage is directed to the interests of a particular *class* of people.[8] A paper containing general news which is available to the public at large is ordinarily considered to be one of general circulation.[9] In *Bartlett v. Joint County School Comm.,* this court held that once a paper was distributed within a school district, a statutory provision prescribing certain circulation qualifications (for purposes not important here), "would [not] have any relevancy in resolving the question of whether there was such general circulation in the affected school districts."[10] Thus, the cir-

---

[7] *Supra,* footnote 5, at page 521.

[8] 68 A. L. R. 542.

[9] Ibid.

[10] *Bartlett v. Joint County School Comm., supra,* footnote 1, at page 593.

culation of a particular number of papers in the school district is unnecessary to make the newspaper in question a legal medium for the publication of the notice.

Inasmuch as appellants' attack on the presumption was based solely on limited-circulation grounds and not on the grounds that the Watertown Daily Times did not appeal to the public at large, it must fail.

Even assuming, arguendo, that the amount of circulation is the only factor to be considered in ascertaining "general circulation," if the presumption of regularity is to be at all meaningful, the party attempting to upset the order must still introduce evidence of a newspaper of greater circulation in the district. This is because it is conceivable for the circulation of the particular newspaper, however meager, to nonetheless exceed that of any other paper in the district. Even if appellants' "total circulation" theory is sound, they nonetheless have not succeeded in rebutting the presumption.

Although on the merits we have concluded that appellants have not overcome the presumption of compliance with the notice-by-publication requirements of sec. 40.025 (2) (a), Stats., an additional reason for denying appellants' relief is that substantial compliance with these requirements is established so long as the record shows that no one was prejudiced by any lack of notice. In this respect the case is controlled by *Joint School Dist. v. Joint County School Comm.*[11] In that case, residents of one school district sought to upset an order detaching territory from their district and attaching it to another district on the ground that the clerk of a town situated in the other district did not receive actual notice as required by sec. 40.025 (2). The clerk did not complain of any lack of notice, nor did it appear that the town was in any way prejudiced. Similarly, in the present case, residents of the Watertown District are attacking a reorganization order on the ground that the Watertown Daily Times was not a

---

[11] Ante, p. 437, 132 N. W. (2d) 549.

newspaper of general circulation in the Oconomowoc District. No person living in the Oconomowoc District has made any such complaint, and there is no indication that the district was prejudiced by the attachment of the Ixonia territory. After pointing out that the purpose of sec. 40.025 (2) is to provide a shield to protect the interests of those entitled to notification and not a sword available to anyone desirous of attacking a reorganization order, the court in *Joint School Dist. v. Joint County School Comm.*[12] added:

".  .  .  we conclude that the town of Eau Galle was not prejudiced by the Joint Committee's order of October 29, 1962. Because of this we determine that there was substantial compliance with the notice provisions of sec. 40.025 (2), Stats., and the order was not void because of the failure to have given notice to the clerk of the town of Eau Galle by mail or personal service."

It is true that the alleged defect in *Joint School District* was a failure to give actual notice, while in the present case the purported error was not publishing notice in a newspaper of "general circulation." But the crux of the objection in each case actually involves a notice problem. Even if there is a distinction on the facts of the cases, it is a distinction without a difference. The same principle applies in the instant case. There is a substantial compliance with the statutory notice provisions as long as no one is prejudiced by any lack of notice to him.

Appellants contend that even if the school-district reorganization order is affirmed it should not be effective until the school year beginning in the fall of 1965. This modification of the detachment order makes sense.

*By the Court.*—Order modified to provide that the order of the joint school committee shall go into effect July 1, 1965, and, as so modified, affirmed.

---

[12] *Supra,* footnote 11, at page 441.