IN RE SCHOOL DISTRICT NO. 5, VILLAGE OF BEAR CREEK and others: LISBETH and others, Appellants, v. KAHL, Superintendent of Public Instruction and another, Respondents.

*No. 196.   Argued March 6, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 160.)

266

For the appellants there was a brief and oral argument by *Orville S. Luckenbach* of Shawano.

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Max C. Ashwill* of Madison, legal consultant for the Department of Public Instruction.

HEFFERNAN, J. The trial court decided this case on summary judgment. It concluded that there was no substantial issue to be tried and affirmed the order of the State Appeal Board.

Sec. 270.635, Stats., provides that when the motion for summary judgment is made by the defendant, judgment may be entered on his behalf in the event that there are submitted:

". . . such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes

that there is no defense to the action or that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

In the event the affidavits of the parties reveal that no material facts or inferences from the facts are in dispute, a question of law is presented which may be decided upon the motion. *Maroney v. Allstate Ins. Co.* (1961), 12 Wis. 2d 197, 202, 107 N. W. 2d 261. In the event there are no material facts in dispute entitling the plaintiff to trial, and if the applicable law is in favor of the defendant, the trial court's entry of summary judgment for the defendant must be affirmed.

Upon analyzing the amended appeal to the circuit court, it appears that the plaintiffs have challenged the validity of this particular school reorganization order on two grounds: Lack of jurisdiction and for arbitrary and capricious action. Their position on lack of jurisdiction is predicated upon the alleged failure to follow prescribed statutory procedures and because a portion of the territory, the lands owned by Roger Paul, was involved in a pending school reorganization. They claim that the Agency School Committee's action was arbitrary and capricious in that it failed to consider relevant factors and used misleading information to gain public support for the reorganization and because the State Superintendent of Public Instruction threatened the Bear Creek School District with the loss of its integrated school aids.

The defendant has submitted various affidavits and documents in its defense. These documents consist of an affidavit by William C. Kahl, State Superintendent of Public Instruction, copies of the August 18, 1967, resolution of the Agency School Committee, the August 30, 1967, reorganization order of the Agency School Committee, the November 9, 1967, order of the State Appeal Board affirming the Committee's order, and the petition of Roger Paul for the detachment of his land from the

Bear Creek School District and its annexation to the New London School District.

The affidavit of the State Superintendent of Schools recites that the affidavit is based upon his personal knowledge or from the public records which are in his custody. Among other facts, the Superintendent of Public Instruction states that neither he nor anyone else in the Department of Public Instruction,

". . . at any time ever stated or intimated to the Bear Creek School District at any or in any unlawful manner or time that the Bear Creek District would not get its integrated aids."

The reorganization order, which is made a part of the affidavits, recites the authority under which the order was adopted. It states that the meeting was in compliance with a resolution adopted at a legal meeting of the Agency School Committee and that there was a public hearing and a conference with the boards of the school districts. It appears that this order is evidence of the acquisition of jurisdiction by the Agency School Committee. Sec. 40.025 (1) (a), Stats., provides that:

"Jurisdiction of a reorganization authority to make orders of school district reorganization . . . is acquired upon the filing of a petition or the authorization to give notice of a public hearing when a reorganization authority acts upon a resolution adopted upon its own motion."

The recitation of the order, together with the affidavit of Superintendent Kahl, indicates the proper invocation of jurisdiction. According to sec. 40.025 (1) (d) 1, jurisdiction, once acquired, is lost upon the failure "to substantially comply with the procedural steps required by law." The fact that these procedural steps were proper is again to be found by reference to the order itself. Sec. 40.025 (4), states:

"Such order shall be presumptive evidence of the facts recited therein and of the validity of all proceedings preliminary thereto."

Unless the countervailing affidavits of the plaintiffs raise issues of fact which overcome this presumption, the plaintiffs' allegation that the Agency School Committee either did not have jurisdiction or lost it because of failure to follow the proper statutory procedure must fail. In *Bartlett v. Joint County School Comm.* (1960), 11 Wis. 2d 588, 590, 591, 106 N. W. 2d 295, it was claimed that the newspaper used for the publication of the legal notice had an insufficient circulation to qualify under the statutes. We pointed out in *Bartlett* that the mere recitation of proper notice was sufficient and that sec. 40.025 (4), Stats., was presumptive evidence of the validity of the proceedings. In addition, that case pointed out that there is a common-law presumption that public officers in performing their official duties have complied with all statutory requirements.

It is thus apparent that the affidavits filed by the State Appeal Board and by the Superintendent of Public Instruction constitute a prima facie defense, in that they show the proper acquisition and retention of jurisdiction and the regularity of the proceedings. Such presumption of validity also presumes that the actions of the responsible public officers in accordance with their statutory duties is neither arbitrary nor capricious. As we said in *State ex rel. Wasilewski v. Board of School Directors* (1961), 14 Wis. 2d 243, 266, 111 N. W. 2d 198:

"There is a presumption that public officials discharge their duties or perform acts required by law in accordance with the law and the authority conferred upon them, and that they act fairly, impartially, and in good faith."

The order is also a prima facie defense to the allegation of the appeal that there was included in the territory certain lands whose attachment was pending in another reorganization. Sec. 40.025 (1) (c), Stats., provides that a reorganization order is void if it includes territory involved in another pending reorganization. The affidavit of the defendant has appended to it the pending petition

involving the attachment of the Roger Paul property to the New London School District. The property is described therein. Also appended to the affidavit is the resolution involved in the instant proceeding. That resolution specifically excepts the property involved in the city of New London reorganization. As this court pointed out in *Olson v. Rothwell* (1965), 28 Wis. 2d 233, 137 N. W. 2d 86, a reorganization order is not void under sec. 40.025 (1) (c), if it specifically excludes the territory subject to another proceeding.

An examination of this affidavit shows that the facts as stated therein, if not controverted or put into dispute as to material matters by the plaintiffs' affidavit, would entitle the defendant to a summary judgment.

In response to the defendant's affidavit, the plaintiffs filed an affidavit which stated that at the hearing Kenneth Poppy, the coordinator of the Agency School Committee (not a member of it), stated that, if there was not an appeal from the order or an attempt to seek a referendum, "we will guarantee to give the Clintonville School District an additional $145,000 in state aids. . . ." Whether or not this statement was made would appear to be irrelevant to the issue of whether the members of the Agency School Committee acted arbitrarily and capriciously or whether the committee acted without jurisdiction. In any event the order was appealed.

There is also an affidavit that certain persons were led to believe that what was involved was a "consolidation" and not an "attachment." We do not consider such affidavit probative as to a material matter, inasmuch as the best evidence of the nature of the proceedings is contained in the copies of the resolution for dissolution and attachment and the order signed by the members of the Agency School Committee and annexed to defendant's affidavit. These documents, on their face, make it clear that it was an attachment that was under discussion and not a consolidation.

The affidavits also contain allegations which can only be classified as ultimate facts and are not evidentiary in nature, as is required to defeat a motion for summary judgment. Two of such statements appearing in the affidavits are that the Agency School Committee used misleading information and that it used bad, false, and misleading publicity to discredit the existing Bear Creek School System. As we pointed out in *Wojciuk v. United States Rubber Co.* (1961), 13 Wis. 2d 173, 108 N. W. 2d 149, statements of ultimate facts will not defeat a motion for summary judgment.

There is also an affidavit which says:

"That at said meeting, William Kahl stated that if the Bear Creek School District did not provide a teaching program according to integrated aids requirements or join a larger school district that met such requirements, he could not give integrated aids such as the District had been receiving."

Whether or not that statement was made is immaterial. In any event, it appears but to be a proper statement by Superintendent Kahl in respect to the criterion that must be met by school districts if they are to receive a certain level of aids. Sec. 40.71 (6) (a), Stats., provides in part:

"The state superintendent may . . . . withhold the aids from any school in which the scope and character of the work are not maintained in such manner as to meet his approval."

One of the affidavits alleges that the order of attachment was made after the adjournment of the public hearing and not in conference. Sec. 40.13 (1) (a), Stats., however, provides that the order cannot be issued until after the conference has been held and shall be issued within ten days thereafter.

There are a number of other allegations which are indicative of the appellants' dissatisfaction with the reorganization order, but none of them constitute the nec-

essary evidentiary underpinning for the plaintiffs' case that the order was either without jurisdiction or the result of arbitrary or capricious action. We are satisfied that the plaintiffs' attorney has ably presented the position of his clients in expressing their dissatisfaction. However, under the guidelines of school reorganization as established by the legislature, the mere dissatisfaction, although perhaps well founded, of a portion of a community does not constitute legal grounds for upsetting an order. As this court stated in *State ex rel. Grant School Dist. v. School Board* (1958), 4 Wis. 2d 499, 511, 91 N. W. 2d 219:

"These allegations have nothing to do with defects in proceedings taken under the statute but constitute complaints with respect to the results of such proceedings and, as such, are not matters of judicial concern."

The trial court's order granting summary judgment to the defendant should be affirmed.

*By the Court.*—Judgment affirmed.