JOINT SCHOOL DISTRICT No. 1, CITY OF GREEN LAKE, TOWNS OF BROOKLYN, GREEN LAKE, PRINCETON, and ST. MARIE, COUNTY OF GREEN LAKE, Appellant, v. STATE APPEAL BOARD, Respondent.

*No. 359. Argued June 7, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 836.)

For the appellant there were briefs by *Quarles, Herriott, Clemons, Teschner & Noelke,* attorneys, and *John S. Holbrook, Jr.,* and *Bruce C. Davidson* of counsel, all of Milwaukee, and oral argument by *Mr. Holbrook.*

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Max C. Ashwill* of Madison, legal counsel for the department of public instruction.

CONNOR T. HANSEN, J. The reorganization proceeding was initiated by the petition of electors pursuant to sec. 117.02 (1) (a), Stats. A public hearing was held by the agency school committee for cooperative educational service agency No. 13. The public hearing was followed by a meeting of the school boards of the two districts involved with the agency school committee, and following that meeting the agency school committee voted to grant the petition for reorganization. The order of the agency school committee was appealed pursuant to sec. 117.03 (1) (a) to the State Appeal Board. A hearing was conducted before the State Appeal Board, and the board affirmed the order of the agency school committee. Appellant then appealed to the circuit court for Green Lake county, its notice of appeal stating the appeal was taken pursuant to sec. 117.03 (4). The appeal

was based primarily on the failure of the agency school committee to comply with sec. 116.51 (2).[1] The respondent then moved the circuit court for summary judgment affirming the order of the State Appeal Board. Later the appellant, by order to show cause, endeavored to make the appeal to the circuit court subject to the review provisions of ch. 227. The trial court determined that the action was not controlled by ch. 227.

The resolution of two issues are dispositive of this appeal:

(1) Do the judicial review provisions of ch. 227, Stats., apply to an appeal to the circuit court of a school district reorganization order?

(2) Is the agency school committee precluded from ordering a reorganization upon the petition of electors because it failed to comply with sec. 116.51 (2), Stats., requiring study and evaluation of the existing school districts and the formulation of a plan if the necessity exists for further school district reorganization?

*Chapter 227, Stats., review.*

Appellant contends that the trial court erred in finding that the judicial review provisions of ch. 227, Stats., were not applicable to an appeal to the circuit court in a school district reorganization proceeding under sec.

---

[1] "(2) The committee shall study and evaluate the existing school district structure evolving from the former county school committee plans and subsequent modifications to determine if the goals of equal and improved educational opportunities for all children within the agency territory have been attained. Where needs exist for further school district reorganization, there shall be formulated a plan to strengthen the administrative districts of the agency territory to operate a comprehensive school program of offerings and services which meet the present and future educational needs of the children of the state and which can function with efficiency and at a justifiable cost to the local taxpayers and to the state."

117.03. Sec. 117.02 (1) (a) provides for reorganization of a school district upon petition of the electors or by motion of the school agency committee. Subs. (1) through (3) of sec. 117.03, set forth the procedure for appeal from an order of the agency school committee, in a reorganization proceeding, to the State Appeal Board; and sec. 117.03 (4) provides for appeal from an order of the State Appeal Board to the circuit court of any county in which any territory of the proposed reorganized school district lies.

This court has held that the legislature can, by a specific statute not embodied in ch. 227, Stats., prescribe other methods of review. *State ex rel. Ball v. McPhee* (1959), 6 Wis. 2d 190, 94 N. W. 2d 711; *Cobb v. Public Service Comm.* (1961), 12 Wis. 2d 441, 107 N. W. 2d 595. This court has also held that where a specified method of review is prescribed by statute, the method so prescribed is exclusive. *Perkins v. Peacock* (1953), 263 Wis. 644, 58 N. W. 2d 536; *Cobb v. Public Service Comm., supra.*

In *Muench v. Public Service Comm.* (1952), 261 Wis. 492, 53 N. W. 2d 514, 55 N. W. 2d 40, in discussing the judicial review provisions of ch. 227, Stats., the court stated:

"The Uniform Administrative Procedure Act (present ch. 227, Stats.) was drafted by the committee on administrative tribunals of the State Bar Association of which Mr. Ralph M. Hoyt was chairman, and the association sponsored such act. After adoption of the act, Mr. Hoyt contributed an article which was published in the 1944 Wisconsin Law Review, 214, explaining the act and the objectives sought to be accomplished thereby. A reading of the entire article clearly establishes that the sole purpose of the legislature in adopting the act was to establish a uniform method of review and there was no intent to abolish any existing right of review. In his article Mr. Hoyt stated (p. 229):

" 'Each of the seventy-odd separate statutes prescribing methods of review was specifically changed over into

a mere reference to the new act, the usual form of language being: "Any order of the board shall be subject to review, in the manner provided in chapter 227." ' " *Muench v. Public Service Comm., supra,* pages 510, 511.

In 1943, when ch. 227, Stats., was enacted, school district reorganizations were covered by sec. 40.30. Sec. 40.30 (1) and (6), Stats. 1941, provided for appeal from an order of the city council, or the town or village board, to the state superintendent and to the circuit court in any county affected by the reorganization. When ch. 227 was created, sec. 40.30 was not amended to provide for review in the manner provided in ch. 227.

In *Wisconsin Valley Improvement Co. v. Public Service Comm.* (1959), 7 Wis. 2d 120, 95 N. W. 2d 767, this court considered the question whether the judicial review provisions of ch. 227, Stats., were applicable where a more specific law provided for review without reference to ch. 227. In that case the public service commission denied the Improvement Company a permit for a dam. The Improvement Company's enabling act gave it the authority to construct, maintain and operate a system of water reservoirs and waterways, subject to the approval of the public service commission and to the requirements of ch. 31. Chapter 31 was amended in 1943 to provide that orders of the commission were subject to review under ch. 227. However, the Improvement Company's enabling act provided for review of an order of the commission in the circuit court in the county in which the property affected was located. This court held that ch. 227 was applicable to judicial review even though the appellants enabling act had specifically provided for review in the circuit court for the county in which the property was located, rather than Dane county. The court stated:

"This conclusion is not impaired by the provision of sec. 227.16 (1), Stats., that 'except as otherwise specifically provided by law' review may be had under ch. 227,

Stats. It is not otherwise specified in sec. 6 (3) of ch. 497, Laws of 1939, which provides a procedure for judicial review, but does not purport to foreclose review under ch. 227, as do certain other statutory provisions not here applicable, . . .

"The commission's order being subject to review under ch. 227, Stats., we also agree with the trial court that such review is exclusive, even though sec. 6 (3) of ch. 497, Laws of 1939, was not among the 70-odd statutory provisions for judicial review which were expressly repealed when ch. 227 was enacted. The omission to amend sec. 6 (3) was more likely an oversight than a deliberate design to treat the Wisconsin Valley Improvement Company differently in this respect than all other persons and corporations. . . ." *Wisconsin Valley Improvement Co. v. Public Service Comm., supra,* page 124.

In this instance it does not appear that the omission to provide for judicial review under ch. 227, Stats., was an oversight. Rather it appears that the intent of the legislature was to provide a different procedure for review in school reorganization cases.

Since 1943 when ch. 227, Stats., was created, the procedure for appeal in school district reorganization proceedings has been repeatedly amended. In 1945, the provisions of sec. 40.30 relating to appeal were amended. In 1947, the county school committees were created by sec. 40.303, Stats. 1947. Sec. 40.303 (4) provided a procedure for appeal to the circuit court from a reorganization order of the county school committee. Sec. 40.303 was amended in 1949, providing for circuit court review in sec. 40.303 (9). Sec. 40.303 was renumbered sec. 40.03 and amended in 1953. Sec. 40.03 (5), continued to spell out a procedure for circuit court review. The appeal provision in sec. 40.03 (5) was amended in 1955, 1957 and 1963, but continued to provide a separate procedure for circuit court review of county school committee reorganization orders. The agency school committees were created in 1965, and were given authority to order school district reorganizations. Sec. 40.13 (4),

Stats. 1965, provided for appeal from the agency school committee reorganization orders to the State Appeal Board and to the circuit court in which the proposed reorganized district lies. Sec. 117.03 was created in 1967, based on former sec. 40.13, and continued to provide a separate procedure for circuit court review.

In the numerous times the statutory provisions for appeal in school district reorganization proceedings have been amended since ch. 227, Stats., was created, there has been no change making the chapter applicable. The provisions for review of school district reorganization orders differ in several substantial respects from the procedure for judicial review of administrative orders set forth in ch. 227, and it appears that the intent of the legislature was to set out a separate and distinct procedure for review of school district reorganization orders.

Appellant relies on *Olson v. Rothwell* (1965), 28 Wis. 2d 233, 137 N. W. 2d 86, and *State ex rel. La Crosse v. Rothwell* (1964), 25 Wis. 2d 228, 130 N. W. 2d 806, 131 N. W. 2d 699, in which this court held that the circuit court had power to review an order of the agency school committee under ch. 227, Stats., however, both the *Olson* and *La Crosse Cases* involved orders of the agency school committee entered under sec. 40.035 requiring that the committee attach or consolidate all territory in the state into school districts operating a high school. Sec. 40.035 provided for appeal to the state superintendent. However, there was no provision for appeal to the circuit court of any county in which any territory of the proposed reorganized school district lies, as exists for school district reorganization orders under sec. 117.03 (4).

*Failure of the agency school committee to comply with sec. 116.51 (2), Stats.*

Appellant contends that the trial court erred in holding that the school reorganization order was not precluded

by the failure of the agency school committee to comply with sec. 116.51 (2), Stats. It is the appellant's position that compliance with sec. 116.51 (2) is a requisite to the continued jurisdiction of the agency school committee in a school reorganization proceeding. We do not agree with this contention of the appellant.

Sec. 117.01 (1) (a), Stats., provides that jurisdiction of the reorganization authority to make an order of school district reorganization is acquired upon the filing of a petition with the reorganization authority, or upon adoption of a resolution by the reorganization authority when it proceeds upon its own motion.

Sec. 117.01 (1) (c), Stats., provides in part:

"(c) Jurisdiction of a reorganization authority to act in a school district reorganization proceeding continues until the reorganization authority disposes of the matter before it, unless lost by:

"1. Failure of the reorganization authority to substantially comply with the procedural steps required by law to be taken by it prior to the making and filing of an order in such proceeding."

Sec. 116.51 (2), Stats.,[2] requires that the agency school committee study and evaluate the existing school organization and, where needs exist for further school district reorganization, to formulate a plan to strengthen the administrative districts of the administrative territory.

The county school committees were created in 1947 (ch. 573, Laws of 1947), and at that time the committees were given the duty of drafting a plan for school district reorganization. Sec. 40.303 (4), Stats. 1947. In 1949, the county school committees were given more detailed direction concerning the plan, and were required to file the plan with the state superintendent of public instruction by either July 1, 1951, or July 1, 1953, depending on whether or not the county included a city of the first

---

[2] *Id.*

class. In 1949, the county school committees were also empowered to consider petitions for reorganization brought by electors. Sec. 40.303 (4) (b), Stats. 1949. The provision requiring the filing of a plan was repealed in 1953, after the expiration of the time period within which the plan was required to be filed.

What is now sec. 116.51 (2), Stats. 1969, first appeared in 1965 as sec. 40.02 (1) (c), Stats. 1965, at the time of the creation of the agency school committees. Chapter 388, Laws of 1965. That section was renumbered sec. 116.52 (2) in 1967, as part of a revision and renumbering of the statutes relating to public instruction. Chapter 92, Laws of 1967.

What is now sec. 117.01 (1) (c), Stats., first appeared in the statutes in 1957, as sec. 40.025 (1) (d) 1, prior to the time the agency school committees had been created and at the time the county school committees had jurisdiction of school district reorganization proceedings. The term, failure to comply with the procedural steps "required by law to be taken," was used rather than referring to specific statutory provision, apparently because at that time there were several bodies in addition to the county school committees who had jurisdiction of school district reorganizations. The intent of the legislature was to require compliance with procedural steps such as notice and a hearing for the continuing jurisdiction of the reorganization authorities. *See: Joint School Dist. v. Joint County School Comm.* (1965), 26 Wis. 2d 580, 133 N. W. 2d 317; *Reinders v. Washington County School Comm.* (1962), 15 Wis. 2d 517, 113 N. W. 2d 141; *Bartlett v. Joint County School Comm.* (1960), 11 Wis. 2d 588, 106 N. W. 2d 295.

Appellant persuasively argues that the hearing of individual petitions for reorganization by the agency school committee on an ad hoc basis is inconsistent with the legislative mandate requiring study, evaluation and a plan

where further school district reorganization is required. However, on the basis of the statutory history it does not appear that the requirement set forth in sec. 116.51 (2), Stats., was intended by the legislature to be a procedural requirement, necessary for continuing jurisdiction of the agency school committee, within the meaning of sec. 117.01 (1) (c).

As a general rule, legislative intent should be determined as of the time the legislation goes into effect, and contemporaneous and practical construction may shed light upon the statutory meaning. 2 Sutherland, *Statutory Construction* (3d ed.), p. 508, sec. 5101. At the time, what is now sec. 117.01 (1) (c) 1., Stats., was created, there was no requirement that a plan be formulated where further reorganization was deemed necessary, as now exists in sec. 116.51 (2). Sec. 117.01 (1) (c) 1 has been construed by this court as relating to the procedural requirements to be taken by the agency school committee subsequent to the filing of a petition by electors. There is no statutory provision requiring that the agency school committee formulate a plan pursuant to sec. 116.51 (2) before taking action on a petition of electors in a reorganization proceeding under sec. 117.01; and there is nothing to indicate that the legislature intended to make the formulation of a plan one of the "procedural steps required by law to be taken by it prior to the making and filing of an order," within the meaning of sec. 117.01 (1) (c) 1.

The other issues raised by the appellant have been considered and we do not find that they materially affect the disposition of this case.

*By the Court.*—Order and judgment affirmed.