BRASH, J.
¶ 1 Debra Tietjen, as administrator of the Estate of James L. Tietjen (Estate), appeals from an order of the circuit court which upheld the decision of the Milwaukee County Personnel Review Board (PRB) that had determined that James Tietjen was not a classified service employee at the time he was terminated from his employment with Milwaukee County. This determination affected his ability to claim retirement benefits from the County.
¶ 2 The Estate argues that the PRB acted contrary to law and outside of its jurisdiction in making its determination that Tietjen was an unclassified employee, and that its decision was not based on substantial evidence. In contrast, the County and the PRB assert that the PRB correctly applied the relevant law, that the PRB was within its jurisdiction in making the determination, and that there was sufficient evidence to support that determination. We agree and affirm.
BACKGROUND
¶ 3 James Tietjen was a County employee from 1977 until 2012, working in various positions. His last position, which commenced on or about May 20, 1996, was Associate Director of Social Services-Operations in the Department of Social Services.
¶ 4 At approximately 4:00 p.m. on June 8, 2012, Tietjen's employment with the County was terminated by his supervisor at the time, Hector Colon. Tietjen told Colon that he wished to retire immediately in order to preserve his pension and accrued retirement benefits, which included a lump-sum payment known as the "backdrop." That same day, Tietjen also notified the Milwaukee County Employment Retirement System (ERS) via email at 5:02 p.m. of his request to retire immediately.
¶ 5 The ERS subsequently informed Tietjen that he was not entitled to full retirement benefits because he had not submitted his retirement application by the end of the day he was terminated, as required by County policy. Thus, he was not in active service at the time his retirement application was received the following week. As a result, the ERS advised Tietjen that he was not entitled to full pension benefits, including his accrued sick time, vacation and personal days, or the backdrop payment.
¶ 6 Tietjen then filed an application with the PRB for reinstatement. He argued that his termination was unlawful because he was a classified employee, and Colon did not follow the proper procedures for terminating him. However, the PRB rejected Tietjen's application on the ground that it did not have jurisdiction to consider it because his position with the County was an "exempt," or unclassified, position.
¶ 7 In 2013, Tietjen sought certiorari review by the circuit court of the PRB's decision that his position was unclassified. In its decision, delivered over two hearings in August and September 2015, the circuit court found that the PRB's determination that Tietjen's position was unclassified was not supported by substantial evidence. The court pointed out that the determination was based on a notation in the human resources database for the County which stated that Tietjen's position was unclassified. The court found this to be uncorroborated hearsay, which administrative agencies may not rely on in making determinations. The court noted that additional evidence regarding the classification of the position had been submitted by the County, but that this evidence was "useless" to the court because it had never been presented to the PRB and thus was not part of the certiorari record. As a result, the matter was remanded to the PRB.
¶ 8 On remand, the PRB held an evidentiary hearing in April 2016.[1] The PRB noted that pursuant to WIS. STAT. § 63.03(1) (2015-16),[2] all employment positions in Milwaukee County are considered classified service positions unless they are included in the list of excepted positions set forth in § 63.03(2), or unless they are transferred by the Milwaukee County Civil Service Commission (Commission) from classified to unclassified in accordance with § 63.03(3)(a). Tietjen's position had been created in 1983, and was not included in the list of unclassified positions set forth at § 63.03(2) ; thus, it would have had to be transferred to unclassified status pursuant to § 63.03(3)(a).
¶ 9 At the remand hearing, the PRB received additional evidence from the County relating to whether Tietjen's position was classified service. The County submitted minutes from a 1983 meeting of the Commission, where a request was made to move the position of Associate Director of Social Services-Operations from classified to unclassified service. Those minutes indicated that the request was approved. The County also presented evidence that the first person to fill that position after it was created was considered unclassified, according to that person's employment records. Furthermore, the County provided evidence that Tietjen's employment records also show that the position was unclassified. Therefore, the PRB concluded that Tietjen's position was unclassified, and as a result, the PRB did not have jurisdiction to consider Tietjen's application for reinstatement.
¶ 10 The Estate sought certiorari review of that decision. It argued that there was not substantial evidence to support the PRB's determination that the position was transferred from classified to unclassified shortly after it was created in 1983 and was thus unclassified at the time of Tietjen's termination. The Estate also asserted that the PRB's invocation of a laches defense was contrary to law.
¶ 11 The circuit court upheld the PRB's decision. It found that there was a presumption that the Commission lawfully approved the transfer back in 1983, and that the Estate had not overcome that presumption. The court further found that the additional evidence presented by the County, upon which the PRB relied for its decision on remand, was substantial. The court noted that while this additional evidence was largely hearsay due to it being "decades old," the testimony was consistent with the documents that were provided. Furthermore, that evidence was uncontroverted, as the Estate did not provide any evidence or testimony at the remand hearing. The circuit court also concluded that the laches defense was not supported by substantial evidence, but that the PRB had not based its decision on that issue.
¶ 12 This appeal follows.
DISCUSSION
¶ 13 Our review of the Estate's writ of certiorari "is limited to whether [the PRB]: (1) acted within its jurisdiction; (2) proceeded on a correct theory of law; (3) was arbitrary, oppressive, or unreasonable; or (4) might have reasonably made the order or finding that it made based on the evidence." See State ex rel. Smits v. City of De Pere , 104 Wis. 2d 26, 31, 310 N.W.2d 607 (1981). The first question considers whether the PRB "acted within the scope of its powers." State ex rel. Ruthenberg v. Annuity & Pension Bd. of City of Milwaukee , 89 Wis. 2d 463, 472, 278 N.W.2d 835 (1979). For the second question, we review the PRB's procedure "in light of the applicable statutes and due process requirements." See id. at 473.
¶ 14 With regard to the third question, the PRB's decision will be deemed arbitrary, oppressive, or unreasonable if the decision was "without a rational basis or the exercise of discretion." See id. The fourth question is comparable to the "substantial evidence test" for administrative agency decisions, set forth in WIS. STAT. ch. 227. Id. For the substantial evidence test, the reviewing court determines, after considering all of the evidence in the record, whether "reasonable minds could arrive at the conclusion reached by the trier of fact," in this case, the PRB. Milwaukee Symphony Orchestra, Inc. v. DOR , 2010 WI 33, ¶ 31, 324 Wis. 2d 68, 781 N.W.2d 674. However, "[t]he weight and credibility of the evidence are for the agency, not the reviewing court, to determine." Id. (citation omitted). Furthermore, "[i]n a review of a decision on a writ of certiorari there is a presumption that the [agency] acted according to law and the official decision is correct[.]" Ruthenberg , 89 Wis. 2d at 473.
¶ 15 The cornerstone of the Estate's argument is that the County did not affirmatively prove that all of the requirements of WIS. STAT. § 63.03(3)(a) were met when the Commission transferred Tietjen's position from classified to unclassified in 1983. However, "[t]here is a presumption that public officers in performing their official duties have complied with all statutory requirements, and this presumption applies to acts of official boards and legislative bodies as well as to those of individual officers." Bohn v. Sauk Cty. , 268 Wis. 213, 219, 67 N.W.2d 288 (1954).
¶ 16 Furthermore, the challenging party-in this case, the Estate-bears the burden of presenting evidence sufficient to rebut this presumption. See Bartlett v. Joint Cty. Sch. Comm. of Milwaukee & Ozaukee Ctys. , 11 Wis. 2d 588, 592, 106 N.W.2d 295 (1960). The Estate failed to meet this burden; indeed, it presented no evidence at the remand hearing. Instead, the Estate relied on the County's lack of evidence relating to whether the statutory requirements of WIS. STAT. § 63.03(3)(a) were met as a means of overcoming the presumption of County compliance. As the circuit court stated, "[t]his is insufficient." See Bartlett , 11 Wis. 2d at 592.
¶ 17 In fact, the record indicates that the Commission did comply with all of the requirements of WIS. STAT. § 63.03(3)(a) in transferring the position from classified to unclassified. There are three requirements set forth in the statute that must be met in making this conversion: (1) the Commission "deems such action to be necessary to secure the best service for the [C]ounty"; (2) the position "is in pay range 30 or above"; and (3) a County ordinance is passed designating an appointing authority before appointing anyone to fill the position. Id.
¶ 18 As the circuit court noted, the evidence provided by the County relative these requirements was consistent and uncontroverted. The County provided evidence from the 1983 Commission meeting when the position was created that the creation was a result of department reorganization, and that the transfer of the position from classified to unclassified was requested as part of that reorganization. Although there was no affirmative statement made regarding the reason behind the reorganization, a reasonable inference from this evidence is that the reorganization-and classification of the newly created position-was effectuated to secure the best service for the County. See id.
¶ 19 Similarly, there is no affirmative evidence that the position was at or above pay grade 30 at the time it was transferred to unclassified service. However, the County provided documentation demonstrating that the position "has consistently been in the Executive Compensation Plan," and presented testimony that positions within the Executive Compensation Plan are above pay grade 30. The Estate offered nothing to refute this evidence.
¶ 20 With regard to the third requirement of passing a County ordinance, the circuit court concluded that the actions taken by the Commission at the 1983 meeting, and documentation of those actions submitted by the County, support the presumption that the Commission complied with all statutory requirements to effectuate the transfer of the position from classified to unclassified. See Bohn , 268 Wis. at 219. We agree that this is a reasonable inference drawn by the PRB in making its determination that Tietjen's position was properly transferred in 1983. See Smits , 104 Wis. 2d at 31.
¶ 21 In sum, we conclude that the PRB applied the correct theory of law in making its determination that Tietjen's position was unclassified at the time he was terminated, and that the determination had a rational basis, based on the evidence. See id.
¶ 22 Still, the Estate contends that the PRB's decision was not based on substantial evidence because the evidence provided by the County was uncorroborated hearsay. We disagree. In the first place, the public records exception to the hearsay rule would apply to allow the documents provided by the County to be submitted into evidence. See WIS. STAT. § 908.03(8).
¶ 23 Furthermore, although the County could not provide witnesses with personal knowledge of the actions taken by the Commission in 1983, the testimony of the County's witnesses at the remand hearing regarding current practices was found to be credible by the PRB. The PRB also pointed out that "[t]here is no reason to assume that the Commission did not know its responsibilities under [ WIS. STAT. §] 63.03(3) or, knowing them, failed to follow them."
¶ 24 In fact, this evidence and testimony were corroborated by the payroll records for Tietjen and his predecessor, which indicated that they were unclassified employees. The PRB concluded that this evidence demonstrated that the position had consistently been treated as an unclassified position since 1983. Moreover, the Estate provided no evidence that would contradict this finding.
¶ 25 In sum, the PRB made reasonable inferences from the evidence included in the record. See Milwaukee Symphony Orchestra, Inc. , 324 Wis. 2d 68, ¶ 31. Therefore, we conclude that the decision of the PRB that Tietjen's position was unclassified at the time he was terminated was based on substantial evidence. Accordingly, we affirm.[3]
By the Court. -Order affirmed.
Not recommended for publication in the official reports.

Tietjen passed away in November 2015, and the Estate was substituted as the party in interest in this matter in February 2016.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Because we affirm the PRB's decision on these grounds, we do not discuss its conclusion that the doctrine of laches applies in this case.