GARY K. JOHNSON State Representative
Pursuant to sec. 19.98, Stats., you request my advice on two questions under facts stated below.
You state that the Beloit School Board utilizes an agenda for its regular meetings and that a portion of the meeting is devoted to presentations by "Citizens and Delegations." In the past, certain citizens who have been permitted to speak have requested the board to act on subjects which were not included in the matters which the board had included in its agenda and which the board had given notice to the public and news media as being within the stated purpose of the meeting. On January 7, 1977, the board's attorney advised that "The basic concept of the open meeting law is to give notice, in advance, of the subject matter that will be acted upon or even discussed," and that "unless extreme urgency exists, the board may wish to withhold all discussion or consideration of a subject presented by a member of the board or audience so that the subject matter can be incorporated in a written notice for a future meeting." At the February 1, 1977, meeting, the board refused to permit a delegation of students to address the board to present a school smoking proposal and to discuss cheerleading at games because the subjects were not listed on the agenda and notice. The board did receive written proposals on the smoking proposal and referred it to the policy committee for consideration at the March meeting. The board adopted a policy that citizens or board members wishing to bring up new items for discussion at meetings must contact the Superintendent by the Monday a week prior to the meeting in order to have the subject included on the agenda.
Your specific questions are:
 "(1) Does anything in Subchapter IV of Chapter 19, Wis. Stats., prohibit a governmental body from receiving at a meeting a communication from a citizen or group which relates to a matter not identified in the notice of that meeting which was given under s. 19.84?
 "(2) Would a governmental body violate Subchapter IV of Chapter 19, Wis. Stats., by referring to a committee or agency, *Page 70 
or laying over until the next meeting of the body, a matter which was not noticed under s. 19.84, but which was raised by a member of the public at the meeting?"
Your two questions may be conveniently broken into three questions and answered one at a time.
The first question is whether an agenda item stating simply "Citizens and Delegations" is adequate notice under sec. 19.84
(2), Stats. Section 19.84 (2), Stats., provides as follows:
 "Every public notice of a meeting of a governmental body shall set forth the time, date, place and subject matter of the meeting, including that intended for consideration at any contemplated closed session, in such form as is reasonably likely to apprise members of the public and the news media thereof." (Emphasis supplied.)
It is my opinion that an agenda item such as "Citizens and Delegations" gives adequate notice to the public of the proposed subject matter of the meeting. If time is set aside in the agenda and notice of the meeting for such matters there is nothing in subch. IV of ch. 19, Stats., which would preclude a governmental body from hearing orderly presentations even though the express subject matter has not been included on the agenda and in the notice of the meeting. Further, such governmental body could on motion of a member, discuss and if urgency required take action on the matter. My opinion assumes that there is no conspiracy between the citizen and the presiding officer to evade the notice requirements of the open meeting law.
The basic thrust of the open meeting law is to provide the best notice available to the public of the nature of the governmental business which will be conducted. This policy does not, in my opinion, require exacting specificity. Thus, such general designations as "miscellaneous business" or "such other matters as may come before the body" are probably adequate notice to the press and the public that items not specifically listed on the agenda may be considered. I would caution, however, that where the presiding officer of a governmental body has specific knowledge that matters may come before the body, they should be included on the agenda.
The second question is whether anything in subch. IV of ch. 19, Stats., requires that a governmental body delay action on matters *Page 71 
which are not specifically noticed under sec. 19.84, Stats., until the next meeting. The answer to this question is no. So long as some general notice of the type of business to be conducted at the meeting is provided, and the general notice is not a subterfuge, the governmental body is not required to refer to committee or delay action until the next meeting of the body.
The third question is whether a governmental body has discretion to refer to committee or delay matters which were generally noticed under sec. 19.84, Stats., until the next meeting. In my opinion, the governmental body does have such authority. The fact that meetings are open to the public does not mean that persons other than board or committee members have a right to speak or otherwise participate in meetings. The degree of participation is a matter for determination by the governmental agency except in the case of an adversary proceeding or hearing required by law in which an interested party may have special rights. Wisconsin Constitution art. 1, secs. 3 and 4, and the first amendment to the United States Constitution protect the right of freedom of speech and petition to government for redress of grievances. These constitutional protections are not absolute and are subject to reasonable regulation. Further, they do not mandate the particular procedure to be followed by a governmental body.
 State v. Swicker, 41 Wis.2d 497, 164 N.W.2d 512
(1969), appeal dismissed, 396 U.S. 26.
 State v. Givens, 28 Wis.2d 109, 135 N.W.2d 780 (1965).
 State ex rel. Poole v. Menomonee Falls, 55 Wis.2d 55, 200 N.W.2d 580 (1972).
An agenda item such as "Citizens and Delegations" or "Miscellaneous Business" means only that the governmental body within its discretion may decide to hear such matters. Nothing in the open meeting law or the Constitution prevents any governmental body from referring matters on an agenda to a committee for further study or recommendation or from adjourning without completing all of the business contained on the agenda. These are questions of policy to be resolved by the governmental body.
The provision of a forum for citizen participation and some assurance that this forum is provided on an equal basis to all interested parties is a particularly compelling interest to be weighed *Page 72 
when deciding the question of how to proceed in individual cases on determining a general policy.
BCL:RJV:DJH