MARSHALL H. BOYD, District Administrator Portage Public Schools
Pursuant to sec. 19.98, Stats., you request my advice on a number of questions relating to the open meeting law as created by ch. 426, Laws of 1975.
I will answer the questions you pose on the basis of the facts stated in your request. However, since it appears that you are seeking advice to aid the school board in the proper conduct of its meetings, I suggest that the board seek and rely on the advice of its attorney who, in most cases, is in the best position to render legal advice in view of all of the special circumstances existing for each case. Your letter states that a "city district Board of Education" is involved, and this opinion assumes that it is a city school district operating under subch. 11 of ch. 120, Stats.
 "(1) Under 19.84 (1) (a) does a regular or special meeting of a city district Board of Education require posting of notices as well as newspaper and radio notices? If so, would the front door of the school constitute a reasonable public place and how many places are required?"
Section 19.84 (1)(a) and (b), Stats., provides:
 "(1) Public notice of all meetings of a governmental body shall be given in the following manner:
"(a) As required by any other statutes; and
 "(b) By communication front the chief presiding officer of a governmental body or such person's designee to the public, to those news media who have filed a written request for such notice, and to the official newspaper designated under ss. 985.04, 985.05 and 985.06 or, if none exists, to a news medium likely to give notice in the area. (Emphasis added.)
Section 120.48 (1), Stats., as amended by ch. 426, Laws of 1975, provides:
 "(1) The school board in a city school district shall hold regular monthly meetings at such times as it prescribes by rule. *Page 95 
Special meetings may be held under rules adopted by the school board. The school board shall inform the public of its regular monthly meetings, either by publication of a class 1 notice, under ch. 985, with the specific exception that insertion thereof need not be at least one week before the meeting, or by other means which may include posting. All school board meetings shall be open to the public except as provided in subch. IV of ch. 19 and except that the public shall be excluded from a hearing before the school board on charges against an employe, if requested by the employe against whom the charges are preferred."
There must be compliance with the provisions of both subsec. (1) (a) and subsec. (1) (b) of sec. 19.84, Stats.
I am enclosing a copy of an opinion, 63 OAG 509 (1974), which is concerned with the meaning of the word "communication," which was also used under former sec. 66.77 (2)(e), Stats. In reading that opinion you should note that the provisions of present sec.19.84 (1)(b), Stats., are more extensive than those of former sec. 66.77 (2) (e), Stats.
Posting is not required by subsecs. (1) (a) or (1) (b) of sec.19.84, Stats. Posting may be a means of informing the public of regular or special meetings or as a supplement to the publication of a class 1 notice for a city school district regular monthly meeting. See sec. 120.48, Stats. The front door of the school, if reasonably accessible to the public, would constitute a proper place for posting of notices. The statutes do not specify a number of places where posting must occur. Since neither sec.19.84 (1) nor sec. 120.48, Stats., require publication of a notice in a newspaper, the provisions of sec. 985.02 (2), Stats., which require, when posting is elected in place of publication, posting in "at least 3 public places likely to give notice to persons affected" are not applicable. However, three public places would be a prudent number to utilize. Where posting is to be relied upon, the number of places used might well vary depending on the size of the district, the number and location of schools and the place or places the board customarily holds its meetings.
 "(2) Is the Board limited to agenda items or can it revise or add to the agenda if that step is included as an agenda item, i.e. `agenda revisions'?" *Page 96 
The board is not necessarily limited to agenda items. The use of an agenda item entitled "agenda revisions" is minimal compliance with the law unless it represents a subterfuge to avoid the law. However, this practice should be avoided. Where members know specific items in advance of the meeting, they should be communicated to the presiding officer who should give notice of the supplemental agenda in the manner described above. Matters of importance or of wide interest should be postponed until more specific notice can be given. See 66 OAG 68 (1977).
Section 19.84 (2), Stats., refers to the content of the required notice:
 "(2) Every public notice of a meeting of a governmental body shall set forth the time, date, place and subject matter of the meeting, including that intended for consideration at any contemplated closed session, in such form as is reasonably likely to apprise members of the public and the news media thereof." (Emphasis added.)
The notice should be as specific and informative as possible. See discussion at 63 OAG 509, 511 (1971) and 66 OAG 68 (1977).
 "(3) Under 19.85 [1] (e) are negotiation strategies and topics for consideration by the Board allowable under this sub-section or does `bargaining reasons' refer to purchase of properties, investments, and other specified public business?"
Where a board is meeting for the purpose of collective bargaining under subch. IV or V of ch. 111, it is not a "governmental body" within the meaning of sec. 19.82 (1) Stats., and a board would not have to comply with the public notice requirements of sec. 19.84, Stats., when meeting for those purposes. The open session, required for final ratification or approval of a collective bargaining agreement would be subject to the notice requirements. See sec. 19.85 (3), Stats. However, a city district school board must also comply with the notice requirements of sec. 120.48 Stats. Thus, where collective bargaining strategies are to be discussed at a regular meeting the board would have to comply with any public notice requirements contained in its rules applicable to special meetings, open or closed.
It is my opinion that a board could meet in closed session for the purpose of forming negotiation strategies. I recommend, however, *Page 97 
that the board give notice of a meeting as prescribed by secs.19.84 (1)(a), (b) and (2), Stats., specifying that an open meeting will be held for the purpose of taking a vote to convene in closed session for the purpose of discussing labor negotiation strategies citing the exemptions in sec. 19.85 (1) (C) and (e), Stats.
The exemption in sec. 19.85 (1)(e), Stats., provides:
 "(e) Deliberating or negotiating the purchasing of public properties, the investing of public funds, or conducting other specified public business, whenever competitive or bargaining reasons require a closed session."
It is my opinion that the last two phrases are not limited to situations involving the purchasing of public properties or the investing of public funds.
 "(4) Can a city district school board vote to preliminarily approve bargaining proposals in closed session without violating sec. 19.85 (3), Stats.?"
I am of the opinion that it can. A governmental body can vote to take action on matters discussed at a closed session if such action is an integral part of the reason for which the permitted closed session was convened. Some consensus is necessary, where closed sessions are utilized, before an open meeting duly noticed is convened. Members could, of course, change their votes at the open session when the matters of final ratification or approval were before the board.
Section 19.85 (3), Stats., provides:
 "(3) Nothing in this subchapter shall be construed to authorize a governmental body to consider at a meeting in closed session the final ratification or approval of a collective bargaining agreement under subch. IV or V of ch. 111 which has been negotiated by such body or on its behalf."
I construe this section as requiring an open session, duly convened on notice, for the purpose of taking final action. whether it be in the form of final ratification or final approval.
 "(5) Closed session notice. Does naming the subject (i.e. purchase of property, public fund investment) satisfy the statute or must statutory reference such as Wis. Stat. *Page 98 19.85 (1) (e) [be included] as part of the agenda reference?"
Section 19.85 (1), Stats., provides in part:
 "(1) Any meeting of a governmental body, upon motion duly made and carried, may be convened in closed session under one or more of the exemptions provided in this section. The motion shall be carried by a majority vote in such manner that the vote of each member is ascertained and recorded in the minutes. No motion to convene in closed session may be adopted unless the chief presiding officer announces to those present at the meeting at which such motion is made, the nature of the business to be considered at such closed session, and the specific exemption or exemptions under this subsection by which such closed session is claimed to be authorized. Such announcement shall become part of the record of the meeting. No business may be taken up a(any closed session except that which relates to matters contained in the chief presiding officer's announcement of the closed session . . . ." (Emphasis added.)
I am of the opinion that stating the general subject of the closed session is not sufficient. There should be specific reference to the specific statutory exemption which is being relied upon as set forth in sec. 19.85 (1), Stats. Where an open session is convened into closed session sec. 19.85 (1), Stats., requires the chief presiding officer to announce to those present the nature of the business to be considered at the closed session and the specific exemption or exemptions in the subsection by which the closed session is claimed to be authorized. Procedure requires similar reference where notice of a contemplated closed session is given under sec. 19.84 (2), Stats.
I am also of the opinion that a closed session cannot be held prior to an open session or as the first order of business. A governmental body can reconvene into open session if notice of such subsequent open session is given as required by sec. 19.85
(2), Stats.
Section 19.83, Stats., provides:
 "Meetings of governmental bodies. Every meeting of a governmental body shall be preceded by public notice as provided in s. 19.84, and shall he held in open session. At any meeting of a governmental body. all discussion shall be held and all action of any kind, formal or informal, shall be initiated, *Page 99 deliberated upon and acted upon only in open session except as provided in s. 19.85." (Emphasis added.)
Section 19.85 (2), Stats., quoted above, requires that notice be given of the subject matter, "including that intended for consideration at any contemplated closed session, in such form asis reasonably likely to apprise members of the public and thenews media thereof."
This provision is to be construed in pari materia with sec.19.85 (1), Stats., which contains provisions as to the specificity of the notice to be given where an action is taken in open session to reconvene as a closed session. These provisions require reference to the specific exemption or exemptions relied upon.
BCL:RJV