LOUIS J. MOLEPSKE, City Attorney, Stevens Point
Pursuant to sec. 19.98, Stats., you request my advice on three questions relating to the open meeting law created by ch. 426, Laws of 1975.
 "1. Does the chief executive officer of the City or the governing body, at its monthly meeting, have the authority to add subject matter to its agenda at the time of its meeting where the particular subject matter was not known to the governing body or chief executive officer prior to his formulating the agenda?"
The answer is "no." However, governmental bodies may be well advised to place a general item on the agenda such as "such other matters as are authorized by law." In such case the governmental body could discuss, and if urgent, act upon matters which were not specifically referred to in the agenda. See 63 OAG 509, 511 (1974). Matters of considerable importance should not be acted upon in this manner but should be postponed to a subsequent meeting for which more specific notice may be given. Section19.84 (1), Stats., places the duty on the chief presiding officer or his designee to give the required notice. Section 19.84 (2) Stats., provides:
 "(2) Every public notice of a meeting of a governmental body shall set forth the time, date, place and subject matter of the meeting, including that intended for consideration at any contemplated closed session, in such form as is reasonably likely to apprise members of the public and the news media thereof." (Emphasis added.) *Page 144 
This provision does not require a governmental body to utilize a detailed agenda. Many governmental bodies, by custom or procedural rule, do utilize a detailed agenda which is in itself suitable for publishing, posting and delivery to any official newspaper or members of the news media. The notice utilized should be as specific as possible. The intent of the new law is clear. The public is entitled to the best notice which can be given. Consequently when any matters are known in advance to be a part of the agenda they should be described in the notice. Most governmental bodies have rules permitting the consideration of "miscellaneous business." It would be proper to include such a general phrase in the notice where it supplements more specific information about the agenda and the body's rules provide for the consideration of such business. See 66 OAG 68 (1977).
 "2. Is there a violation of the Open Meeting Law where a governmental body through its agenda specifies a particular subject matter and thereafter by amendment to the particular subject matter would have the result of increasing the subject matter discussion to other matters where the same is permissible by parliamentary law?"
The answer is "no," if the presiding officer rules that the amendment is germane to the subject matter listed in the original agenda and such ruling is sustained by the body.
 "3. May a governing body discuss and act upon related matters which are not on its agenda which however relate to the subject matter indirectly?"
The answer is "no," unless as discussed in answer to your second question above the related matter is ruled by the presiding officer to be germane to the subject matter listed in the original agenda and such ruling is sustained by the body. The presiding officer should apply a test of reasonableness as to what is fairly included within the scope of a particular agenda item. Such matters must be determined on a case-by-case basis.
The stated purpose of the law recognizes that "the public is entitled to the fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental business." Sec. 19.81 (1), Stats. The purpose of the law is not to interfere with or limit the power of a governmental body *Page 145 
to carry out its statutory duties. As noted above, reliance upon a general phrase such as "such other matters as are authorized by law," should be limited and should never be utilized as a means of concealment of the probable introduction and discussion of matters of importance or of wide concern which were known to the chief presiding officer or his designee at the time public notice was required to be given.
BCL:RJV