STATE of Wisconsin EX REL.
Carol M. SCHAEVE, Petitioner-Appellant,†

v.

Esther VAN LARE, James F. Young, Maureen Kelly
and Steven Schellin, members,
Elmbrook Board of Education, Respondents.

Court of Appeals

*No. 84–1731. Submitted on briefs February 18, 1985.—
Decided May 15, 1985.*
(Also reported in 370 N.W.2d 271.)

† Petition to review denied.

For the petitioner-appellant, the cause was submitted on the pro se briefs of *Carol M. Schaeve,* of Wauwatosa.

For the respondents, the cause was submitted on the brief of *Mark F. Vetter* of *Davis & Kuelthau, S.C.,* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Carol M. Schaeve appeals from a judgment dismissing her complaint, which alleged several violations of Wisconsin's Open Meetings Law by the Elmbrook Board of Education.[1] Because we conclude that the circuit court properly applied the Open Meetings Law, we affirm its judgment.

On March 16, 1982, the superintendent of the Elmbrook School District sent Schaeve a letter which advised that the superintendent was recommending her dismissal as a teacher in the school district. The letter further indicated that an evidentiary hearing on the recommendation would be held on March 23, 1982. The letter also advised Schaeve that the hearing would be in closed session unless Schaeve requested an open session. For reasons not clearly apparent from the record, the

---

[1] This appeal is confined to the technical application of the Open Meetings Law and does not consider the merits of the Board's ultimate decision to terminate Schaeve's teaching contract.

hearing did not commence on March 23. However, during a telephone conference on May 5, between the attorneys for the Board and Schaeve, it was agreed that the evidentiary hearing would be held in closed session. This agreement was confirmed by the attorney for the Board in a letter sent to Schaeve's attorney the same day. This same letter rescheduled the commencement of the hearing for May 10. This letter, however, did not again inform Schaeve of her right to have the hearing held in open session.

Pursuant to this agreement, the Board held the evidentiary hearings in closed sessions on May 10, June 7, 8, 9 and 14, 1982. A public notice was posted for each hearing. Prior to each hearing, the board members unanimously voted to convene in closed session.

Following the conclusion of the evidentiary hearings, public notice was given informing that the Board would meet in closed session, pursuant to sec. 19.85(1)(a), Stats., for purposes of deliberation following the conclusion of a hearing. The notice also indicated that after its deliberations, the Board would convene in open session to announce its decision. Immediately following deliberations in this closed session, the Board convened in open session and voted to terminate Schaeve's teaching contract.

Schaeve then commenced this action in the circuit court after the district attorney refused to prosecute the Board for the violations of the Open Meetings Law alleged by Schaeve.[2] She requested that the Board's actions be voided and that forfeitures be assessed against certain board members. The circuit court granted summary judgment as to all but one alleged violation in

---

[2] The district attorney noted that Schaeve was well-represented by counsel at all meetings and that any technical violations that occurred did not have a detrimental effect upon her. The district attorney also noted that Schaeve waited eighteen months to lodge her complaint, by which time a new school board was elected.

Schaeve's complaint.[3] An evidentiary hearing on this remaining issue was held to determine whether Schaeve was entitled to actual notice of the Board's July 14, 1982 meeting and if so, whether she received actual notice.[4] The circuit court dismissed this alleged violation on its merits. Shaeve appeals pro se.

Schaeve claims that the Board violated the Open Meetings Law by failing to (1) give proper notice of all meetings held in regard to her dismissal; (2) refer to the specific statutory exemption under which the closed session was held on June 7, 1982; (3) announce with specificity the nature of the business to be considered in the closed sessions held on June 8, 9 and 14, 1982; (4) record the individual votes of Board members upon a motion at each hearing to convene in closed session, and (5) give Schaeve actual notice of the July 14, 1982 meeting, indicating that she had a right to request a closed session when the Board voted on her dismissal.

---

[3] We question the circuit court's use of summary judgment to adjudicate the forfeiture aspects of this case. While forfeiture actions are essentially civil, *see City of Neenah v. Alsteen*, 30 Wis. 2d 596, 599–600, 142 N.W.2d 232, 235 (1966), it sometimes can be an oversimplification to treat forfeiture actions in such a fashion. *See id.* at 598, 142 N.W.2d at 234; *City of Milwaukee v. Wuky*, 26 Wis. 2d 555, 562, 133 N.W.2d 356, 360 (1965). Thus, forfeiture actions require the entry of criminal-type pleas and the taking of criminal-type verdicts, *(Wuky)*, and application of the middle burden of proof where the violation also constitutes a crime. *City of Madison v. Geier*, 27 Wis. 2d 687, 135 N.W.2d 761 (1965).

Procedural due process also requires that the affected individual be given a meaningful opportunity to present his case. *Mathews v. Eldridge*, 424 U.S. 319, 348–49 (1976). We question whether such opportunity exists in a summary judgment format. In any event, Schaeve raises none of these issues on appeal and consented to the summary judgment procedure in the trial court.

[4] Essentially, this "evidentiary hearing" was a trial before the court.

All of the issues raised by Schaeve require application of the Open Meetings Law, secs. 19.81–19.98, Stats. The application of a statute to a particular set of facts is a question of law. *Maxey v. Redevelopment Authority,* 120 Wis. 2d 13, 18, 353 N.W.2d 812, 815 (Ct. App. 1984). As such, we owe no deference to the trial court's determination. *First National Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

*Sufficiency of Actual Notice and Public Notice*

We first consider Schaeve's claim that the Board failed to give proper notice of the evidentiary hearings. It is not clear whether Schaeve challenges the adequacy of the actual notice provided pursuant to sec. 19.85(1)(b), Stats., or the adequacy of the public notices posted prior to each evidentiary hearing, pursuant to sec. 19.83, Stats. In any event, we conclude that both notices given by the Board complied with the requirements of the Open Meetings Law.

Every meeting of a governmental body must be preceded by public notice and must be held in open session unless an exemption under sec. 19.85, Stats., applies. Sec. 19.83, Stats. Section 19.84(2), Stats., sets forth the components of a public notice. These include the time, date, place and subject matter of the meeting, including any subject intended to be considered in closed session.

Exemptions to the requirement of open sessions are listed in sec. 19.85, Stats. Where a governmental body considers the dismissal, demotion, licensing, or discipline of a public employee, a closed session may be held. Sec. 19.85(1)(b). When a closed session is held under sec. 19.85(1)(b), the public employee involved is entitled to

actual notice of any evidentiary hearing which is held prior to final action being taken. This notice must inform the employee of the right to demand that the evidentiary hearing be held in open session. Sec. 19.85 (1) (b).

The Board properly gave Schaeve actual notice of the evidentiary hearings that began on May 10, 1982. The letter sent to Schaeve on March 16, 1982 by the superintendent of the school district informed Schaeve that the first evidentiary hearing would be held on March 23. The letter also informed Schaeve of her right to demand that the hearing be held in open session. The subsequent telephone conference of May 5 between the parties' attorneys resulted in an agreement to hold the evidentiary hearings in closed sessions. A same day letter to Schaeve's attorney from the Board's attorney confirmed this agreement and rescheduled the initial hearing for May 10. This served as actual notice to Schaeve.

Although the May 5 letter did not again recite Schaeve's fight to demand an open session, Schaeve had been apprised of that right in the March 16 letter and, through her attorney, had decided at the May 5 conference call not to exercise the right. Under these facts, the Board was not required to repeat in its May 5 letter the right to demand an open session. As the circuit court noted, such a requirement would be "meaningless machinations." Such information would not have benefited Schaeve because she had already decided not to exercise her right. Reading the two letters together, we conclude that Schaeve was given actual notice of the May 10 meeting and was properly informed of her right to demand an open session. We therefore reject Schaeve's argument that the actual notice she received was inadequate or improper.

Schaeve further argues that the public notices did not contain enough specific information to adequately inform the public and thereby failed to comply with sec. 19.84, Stats. We disagree.

Section 19.84(2), Stats., requires that a public notice set forth the time, date, place and subject matter of a meeting, including any subject to be considered in closed session, in such form as is likely to reasonably apprise members of the public. Each public notice given prior to the hearings held on May 10, June 7, 8, 9 and 14, 1982, set forth the time, date and place for the meeting. In addition, each notice indicated that once the meeting was called to order, the chief presiding officer would announce the Board's intention to convene in closed session under sec. 19.85(1)(b), Stats., "to conduct a hearing to consider the possible discipline of a public employee." This information was specific enough to apprise members of the public as to the subject matter of the hearing. We find no requirement in the statute that the subject matter of a meeting must be explained with any more specificity.

Schaeve suggests that the public notices should have informed the public that Schaeve had a right to demand that the hearings be held in open session. We disagree. Section 19.84, Stats., which requires certain information in a public notice, imposes no such requirement. A statement that the public employee may demand an open session is only required in the *actual* notice given to the public employee. *See* sec. 19.85(1)(b), Stats. Only the public employee who is the object of the proceedings is given the power to transform a closed hearing into an open hearing. The failure of the public notice to recite Schaeve's right to demand an open session did not violate the statute. We conclude that the public notice given

prior to each hearing complied with the Open Meetings Law.

*Failure to State Statutory Exception*

The next issue is whether the Board violated the Open Meetings Law by failing to state the specific statutory exemption under which the June 7 closed session was held. While this failure was not in strict compliance with the Open Meetings Law, we nonetheless agree with the trial court that this failure did not rise to the level of a violation.

Before a motion to convene into closed session is adopted, sec. 19.85, Stats., requires the chief presiding officer to state the statutory exemption under which a closed session is authorized. This requirement assures the public that here is a legitimate reason for convening in closed session.

We should construe a statute, however, not only by its exact words, but also by its apparent general purpose. *Dielectric Corp. v. Labor & Industry Review Commission,* 111 Wis. 2d 270, 277, 330 N.W.2d 606, 610 (Ct. App. 1983). Furthermore, the spirit of a statute should govern over the literal or technical meaning of the language used. *City of Madison v. Town of Fitchburg,* 112 Wis. 2d 224, 236, 332 N.W.2d 782, 787 (1983).

The legislature has declared, as a matter of policy, "that the public is entitled to the fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental business." Sec. 19.81, Stats. By listing exemptions to the requirements of open sessions, the legislature has indicated the matters which arise in the conduct of governmental business to which the public may not be entitled full and complete information. *See* sec. 19.85, Stats.

We conclude, as did the circuit court, that the intent of the Open Meetings Law was not violated by the failure of the chief presiding officer to state the statutory exemption under which the Board intended to convene in closed session. The legislature has indicated that the public's right to full and complete information may not be compatible with the conduct of governmental business when the dismissal of a public employee is considered. Under such circumstances, a closed session is permitted. *See* sec. 19.85(1)(b), Stats. A meeting held in the spirit of the legislature's intent is a valid meeting. *See Karol v. Board of Education Trustees,* 593 P.2d 649, 651 (Ariz. 1979).

These hearings involved the possible dismissal of Schaeve, a public employee, and could properly be held in closed session. *See* sec. 19.85(1)(b), Stats.[5] The hearings on Schaeve's termination took place on five separate nights, May 10, June 7, 8, 9 and 14, 1982. With the exception of the June 7 hearing, the chief presiding officer cited, at the beginning of each hearing, the statutory exemption which authorized the Board to convene in closed session. The statement at the beginning of the June 7 meeting was admittedly deficient and did not adhere to the strict requirements of sec. 19.85(1). We note, however, that before calling for a motion to convene into closed session, the chief presiding officer referred to the public notice which was posted for the June 7 meeting. That public notice, which complied with the requirements of sec. 19.84(2), Stats., stated the statutory exemption under which the Board intended to convene in closed session. By reference to the public notice, the public was informed of the statutory exemption under which the Board intended to convene in

---

[5] Schaeve does not challenge the actual closing of the session on this subject matter.

closed session. Under the facts of this case, therefore, we conclude that the Board complied with the intent of the Open Meetings Law. The deviation from the strict requirements of the statute did not compromise the public's right to full and complete information. The purpose of the statute was not thwarted by this technical failure.

*Failure to Announce Nature of Business*

Schaeve next argues that the Board violated the Open Meetings Law by its failure to announce with specificity the nature of the business to be considered in the closed sessions held on June 8, 9 and 14, 1982. Again, while this failure was not in strict compliance with the Open Meetings Law, we nonetheless agree with the trial court that it did not rise to the level of a violation.

Section 19.85(1), Stats., provides that a motion to convene in closed session may not be adopted unless the chief presiding officer announces to those present the nature of the business to be considered in closed session. Only business which relates to matters contained in such an announcement may be considered during the closed session.

The closed session was held in regard to a subject clearly exempt from the open session requirement. As previously noted, when such a matter is considered, the public's right to full and complete information may not be compatible with the conduct of government business. Furthermore, at the beginning of the June 8, 9 and 14 meetings, the chief presiding officer referred to the public notices posted prior to each meeting. Each public notice indicated that the Board intended to convene in closed session "to conduct a hearing to consider the possible discipline of a public employee." By reference to the public notice, the public was informed of the na-

ture of the business the Board intended to consider in closed session. As a result, the public received the information to which it was entitled under the Open Meetings Law. Here also, the purpose of the statute was not thwarted by this technical failure.

*Failure to Record Individual Votes on Closure Motion*

Schaeve also argues that the Board violated the Open Meetings Law by failing to record the vote of each Board member upon a motion at each meeting to convene into closed session. We conclude that the Board properly recorded the votes and did not violate the statute.

Section 19.85(1), Stats., sets forth the procedure by which a meeting may be convened in closed session. A motion to do so is required, and the motion must be carried by a majority vote "in such manner that the vote of each member is ascertained and recorded in the minutes." *Id.*

The vote on the motion to convene into closed session on June 8, 9 and 14 was unanimous and was so noted by the chief presiding officer. We reject Schaeve's argument that under such circumstances it is necessary to ascertain and record the individual vote of the Board members. Noting that a vote is unanimous ascertains and records the vote of each member. That is all sec. 19.85 (1), Stats., requires. We therefore find no violation of sec. 19.85(1).[6]

---

[6] Schaeve argues that it is impossible to determine whether a majority vote is obtained or whether a quorum is present unless the vote of each Board member is individually recorded. We find nothing in the record to suggest that a quorum was not present when the motions to convene into closed session were voted upon. Absent such evidence in the record, we presume the proceedings complied with the statute's requirement that a majority vote be obtained to convene in closed session. *See In re School District No. 5*, 42 Wis. 2d 264, 271, 166 N.W.2d 160, 163 (1969); *Joint*

### Right to Notice of a Deliberative Proceeding

Schaeve next argues that she was entitled to actual notice of the July 14, 1982 meeting. We disagree and conclude that the Board complied with the statute.[7]

Where a governmental body deliberates concerning a case which was the subject of any judicial or quasi-judicial trial or hearing before that governmental body, the meeting is exempted from the open meetings rule. Sec. 19.85(1)(a), Stats. There is no requirement in sec. 19.85(1)(a) involving deliberative proceedings, as distinguished from sec. 19.85(1)(b) involving evidentiary proceedings, that actual notice be given. Rather, the public notice provisions of secs. 19.83 and 19.84, Stats., apply.

Here, a public notice of the July 14 meeting was given, indicating that after calling the meeting to order, a motion to convene into closed session under sec. 19.85(1)(a), Stats., would be entertained. The notice also indicated that the Board intended to reconvene in open session after its deliberation to announce its decision. The notice therefore complied with the requirements of sec. 19.84(2), Stats.

---

*School District No. 1 v. Joint County School Committee*, 26 Wis. 2d 580, 583, 133 N.W.2d 317, 319 (1965).

[7] The circuit court did not reach the issue of whether a meeting held under sec. 19.85(1)(a), Stats., requires actual notice. Rather, it assumed that actual notice was required and found that Schaeve received actual notice of the meeting held on July 14. This finding is not clearly erroneous. *See* sec. 805.17(2), Stats.

Schaeve's attorney testified that at the conclusion of the June 14 meeting, the date on which the Board would deliberate and decide on Schaeve's dismissal was discussed. The attorney indicated that he and Schaeve discussed the fact that the Board would meet on July 14 and 15 for the purpose of deliberating and making a decision. The circuit court properly found, therefore, that Schaeve received actual notice of the July 14 meeting and we affirm the finding.

*Public Employee's Right to Closure*

Finally, Schaeve claims she had a right to demand a closed session when the Board voted on her dismissal. We disagree.

■

All meetings of governmental bodies must be held in open session unless exempted under sec. 19.85, Stats. These exemptions expressly limit the conduct of governmental bodies in closed session. None of the exemptions listed in sec. 19.85 expressly permits the Board to vote on any matter in closed session. If an exemption does not apply, then the general rule of holding open sessions applies. Because none of the exemptions apply to voting on a matter, we conclude that it was proper for the Board to vote in open session.

There is no provision under sec. 19.85, Stats., which allows a person who is not a member of the governmental body to demand or request a closed session. The legislature has empowered the governmental unit, not a citizen, to close meetings. *See State ex rel. Bilder v. Township of Delavan*, 112 Wis. 2d 539, 558, 334 N.W.2d 252, 262 (1983). We therefore reject Schaeve's argument that she had a right to demand a closed session when the Board voted on her dismissal.

*By the Court.*—Judgment affirmed.