RAYMOND L. PELRINE, District Attorney Eau Claire County
You have requested my interpretation of section 19.85(1)(c), Stats., of the state's open meetings law. You report that the city manager for the city of Eau Claire recently announced his resignation. Thereafter, the city council held a meeting at which it convened in closed session. The public notice of the meeting stated that the common council would convene in closed session "to consider the employment and compensation of a public employee, namely, the City Manager . . . pursuant to Section19.85(1)(c) of the Wisconsin Statutes."
You report that the minutes from the closed session revealed that the city council discussed the qualifications and salary for the position of city manager in general, not the qualifications of or salary to offer any particular applicant or applicants. You request my opinion on whether the city council properly convened in closed session under section 19.85(1)(c) for that purpose. I am of the opinion that the city council did not properly convene in closed session because I interpret the exemption in section19.85(1)(c) to be limited to considerations *Page 177 
of employment, compensation, promotion and performance evaluations of a specific employe or employes, not considerations pertaining to employment, compensation, promotion and performance evaluation policies to apply to a position of employment in general.
The purpose of interpreting a statute is to discern the Legislature's intent. The primary source of the Legislature's intent is the language of the statute itself. If the language is ambiguous, it is permissible to discern the legislative intent by looking to the language of the statute in relation to its scope, history, context, subject matter and object intended to be accomplished. Wis. Environmental Decade v. Public Service Comm.,81 Wis.2d 344, 350, 260 N.W.2d 712 (1978).
The language of section 19.85(1)(c) permits a governmental body to convene in closed session for the purpose of "[c]onsidering employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility." The section refers to a public employe, as opposed to a position of public employment.
The predecessor to the current open meetings law contained a similar provision. Section 14.90(3)(b), Stats. (1959), permitted a closed session for:
 Considering employment, dismissal, promotion, demotion, compensation, licensing or discipline of any public employe or person licensed by a state board or commission or the investigation of charges against such person, unless an open meeting is requested by the employe or person charged, investigated or otherwise under discussion.
In a SYNOPSIS OF OPINIONS INVOLVING ANTI-SECRECY LAW, published in 49 Op. Att'y Gen. v (1960), the attorney general concluded that the above exception *Page 178 
 does not apply where personnel or management policies are discussed generally. The purpose of the exception is to protect a particular employe who is being considered or discussed and not to protect the public agency involved. . . . The mere fact that items of public policy or future personnel relations are to be discussed is not a sufficient reason for a secret meeting. It is, in fact, a reason for holding an open meeting.
Id. at viii. The attorney general went on to state that the section "is not to be used for the concealment of information or to prevent employes as a group from knowing what personnel or compensation policies are being considered by [a governmental body]." Id. at x. The attorney general further stated:
 Similarly we have said that a meeting to discuss generally the salaries for teachers should be open to the public. The provisions of sec. 14.90(3)(b), which provide that there may be closed executive sessions, refer to individual cases and do not give the right to a public body to close the meeting where salary schedules in general are being discussed.
Id. at xi.
The Legislature has amended the open meetings law six times since publication of the attorney general's SYNOPSIS OF OPINIONS INVOLVING ANTI-SECRECY LAW. Ch. 297, Laws of 1973; ch. 426, Laws of 1975; 1983 Wisconsin Act 84; 1985 Wisconsin Act 26, sec. 6; 1985 Wisconsin Act 29, sec. 153m; 1987 Wisconsin Act 305, secs. 2-5. The personnel exemption was amended by chapter 297, Laws of 1973. In that law, the state Legislature split the exemption in section 14.90(3)(b), renumbered to section 66.77(3)(b), into the two exemptions which appear in section 19.85(1) of the current open meetings law:
 (b) Considering dismissal, demotion, licensing or discipline of any public employe or person licensed by a board or commission or the investigation of charges against *Page 179 
such person, or considering the grant or denial of tenure for a university faculty member, and the taking of formal action on any such matter; provided that the faculty member or other public employe or person licensed is given actual notice of any evidentiary hearing which may be held prior to final action being taken and of any meeting at which final action may be taken. The notice shall contain a statement that the person has the right to demand that the evidentiary hearing or meeting be held in open session. This paragraph and par. (f) do not apply to any such evidentiary hearing or meeting where the employe or person licensed requests that an open session be held.
 (c) Considering employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility.
The purpose of the amendment was to "clarify that preliminary discussions of personnel problems may be held at closed session without notice to the effected employe(s)." Analysis by the Legislative Reference Bureau, LRB 10637/5 (June 1976 special session). Section 19.85(1)(b) allows closing a meeting when a governmental body is "[c]onsidering dismissal, demotion, licensing or discipline of any public employe or person licensed" but provides "[t]he notice shall contain a statement that theperson has the right to demand that the evidentiary hearing or meeting be held in open session." That wording makes clear that the term "public employe" in section 19.85(1)(b) refers to "a person." There is nothing to indicate that the Legislature intended that the same term in section 19.85(1)(c) be interpreted differently.
In chapter 426, Laws of 1975, the Legislature also exempted collective bargaining sessions from the requirements of the open meetings law. See sec. 19.82(1), Stats. The Legislature did not *Page 180 
enact a similar exemption for salary negotiations involving nonunion employes.
The Legislature has amended the open meetings law several times, but made no change in the law in response to the attorney general's interpretation that the personnel exemption is limited to consideration of employment, compensation, promotion and performance evaluations of a specific employe or employes, not consideration of employment policies to apply to a position of employment in general. That interpretation must, therefore, be regarded as presumptively correct. See Staples v. Glienke,142 Wis.2d 19, 28, 416 N.W.2d 920 (Ct.App. 1987); Wisconsin ValleyImp. Co. v. Public Serv. Comm., 9 Wis.2d 606, 617,101 N.W.2d 798 (1960).
The interpretation is consistent with the purpose of the open meetings law. The purpose is to ensure that the public has the "fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental business." Sec. 19.81(1), Stats. The law explicitly provides that its terms must be liberally construed in favor of ensuring the public has access to information about the affairs of its government. The law requires that a governmental body conduct all of its business in open session, unless an exemption in section19.85(1) expressly permits the governmental body to conduct the business in closed session. See State ex rel. Schaeve v. VanLare, 125 Wis.2d 40, 53, 370 N.W.2d 271 (Ct.App. 1985).
There can be no doubt that the public has a right to information about the qualifications that a governmental body is seeking in applicants for positions of public employment and about the general salary range that a governmental body will apply to positions of employment. To interpret section 19.85
(1)(c) to permit a governmental body to convene in closed session when considering such matters, without discussing an individual employe or employes, would create a virtually limitless exemption, permitting a governmental body to set all *Page 181 
of its general policies related to the hiring, compensation and evaluation of its public employes behind closed doors.
Thus, in order to protect the public's right to information about the conduct of governmental business, the personnel exemption must be narrowly construed to apply only when a governmental body is discussing the employment, promotion, compensation or performance evaluation of a specific employe or employes. This proposition is widely recognized in other states that have enacted an open meetings law. No state has enacted a law that specifically allows a governmental body to go into closed session to consider general policies to apply to a group or class of employes. Oakes, The Personnel Matters Exception tothe Mississippi Open Meetings Act — A Cloud Over TheSunshine Law, 7 Miss. College L. Rev. 181, 188. "A general rule is that personnel exceptions apply to specific individuals and not to groups or classes of employees. Discussions of personnel questions involving general policy towards a group or class of employees, without reference to an individual employee, fall outside the provisions of every personnel exception." Id. at 190-91 (quoting the National Association of Attorneys General,Open Meetings: Exceptions to State Laws (1979)).
For all of the above reasons, I conclude that section 19.85
(1)(c) only authorizes a governmental body to convene in closed session to consider the employment, promotion, compensation or performance evaluation of a specific employe or employes. "Employe" for purposes of that section includes applicants for public employment. Wisconsin Open Meetings Law, a StatutorySummary and a Digest of Opinions of the Attorney General, July 31, 1979 at 37. The section does not, however, authorize a closed session to consider employment policies to apply to a position of employment in general.
With specific reference to the facts underlying your request for advice, it is my opinion that section 19.85(1)(c) does not authorize a closed session to discuss the qualifications a *Page 182 
governmental body is looking for in candidates for a position of public employment or the general salary scale to apply to a position of employment. If a governmental body is considering a single salary to offer, regardless of the experience or qualifications of the job applicant, the governmental body must do so in open session. If the governmental body is considering a range of salaries to offer, based on the qualifications and experience of an applicant, the governmental body must establish the range in open session but may convene in closed session to discuss what salary to offer a specific applicant or applicants.
JED:MWS *Page 183