STATE of Wisconsin EX REL. H.D. ENTERPRISES II, LLC, d/b/a The Liquere Store, by its agent and member Lisa Turcotte, William J. Skinner, Jr., Petitioners-Appellants,

v.

CITY OF STOUGHTON, a Wisconsin municipal corporation, by its Mayor Helen Johnson and Clerk Judy Kinning, and the Business Affairs Committee, by its Chairperson Deborah Bicksler, Respondents-Respondents,

PICK 'N SAVE, a Wisconsin corporation, Mitch Eveland, manager and local agent, Necessary-Parties.

Court of Appeals

*No. 98–3112. Submitted on briefs May 6, 1999.—Decided September 16, 1999.*

(Also reported in 602 N.W.2d 72.)

On behalf of the petitioner-appellant, H.D. Enterprises II, LLC, the cause was submitted on the briefs of *Thomas D. Arnot* of *Arnot Law Offices* of Madison.

On behalf of the respondents-respondents, City of Stoughton, the cause was submitted on the brief of *Michael Haas* of *Roethe, Krohn, Pope & McCarthy, LLP* of Edgerton.

Before Vergeront, Roggensack and Deininger, JJ.

ROGGENSACK, J. H.D. Enterprises II appeals from an order of the circuit court granting summary judgment to the City of Stoughton. The circuit court concluded that the City provided adequate notice of the agenda for its common council meeting under § 19.84(2), STATS., and accordingly, did not violate the open meetings law. We also conclude that the notice provided was adequate and therefore, we affirm.

## BACKGROUND

Pick 'N Save was building an addition to its grocery store in Stoughton and it applied for a Class A liquor license. Pursuant to the alcohol licensing requirements found in § 125.04(3), STATS., and the open meetings notice provision in § 19.84, STATS., on January 15, 1998, the City provided published notice that it would consider the application. The matter was then scheduled for a hearing on January 27th. The city council's agenda indicated that it would discuss Pick 'N Save's application simply by listing the item as "licenses." Several opponents, including H.D. Enterprises, attended this meeting and voiced their concerns about granting the license. At that meeting, the common council denied Pick 'N Save a liquor license.

The council decided to reconsider its denial of the license at a meeting held on February 10th. Again, the agenda's indication that it would consider the matter was listed as "licenses." It does not appear from the record that the opponents of the license who attended the first meeting, attended this second one. In reconsidering, the common council decided to grant Pick 'N Save a liquor license. Approximately six days later, the common council convened a special meeting at the request of H.D. Enterprises. H.D. Enterprises asked

the council to rescind the license, but the council declined to do so.

H.D. Enterprises then filed a lawsuit asserting that the common council had violated the open meetings law found in ch. 19 of the Wisconsin Statutes, and that the council did not have authority to reconsider its own initial decision. Specifically, it argued that appropriate notice was not given for the February 10th meeting because the term "licenses" was too general to indicate the subject matter of the meeting pursuant to § 19.84, STATS.

H.D. Enterprises states in its brief that after filing this suit, Pick 'N Save surrendered its license and went through the entire application process again, complete with new publications. Again, the common council granted Pick 'N Save the liquor license. Thus, H.D. Enterprises does not dispute that Pick 'N Save now holds a valid Class A liquor license. Instead, it argues that because the notice for the February 10th meeting was inadequate, it is entitled to costs and attorney fees under § 19.97(4), STATS. The circuit court concluded that the notice was adequate; and therefore, the council did not violate the open meetings law. Accordingly, it granted summary judgment to the City. H.D. Enterprises appeals from this ruling.

## DISCUSSION

### Standard of Review.

Because the facts are not in dispute, our decision turns on the legal significance of the undisputed facts. " Construction of a statute, or its application to undisputed facts, is a question of law, which we decide independently, without deference to the trial court's

483

determination." *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315, 317 (Ct. App. 1997).

## Mootness.

In its brief, H.D. Enterprises argues that the City was precluded by statute from reconsidering its denial of Pick 'N Save's liquor license. It also argues that the City's grant of the license at the reconsideration meeting violated a notice provision found in § 125.04(3)(f), STATS., which requires an application for a liquor license to be on file with the city clerk at least fifteen days prior to granting the license. However, after H.D. Enterprises filed this lawsuit, Pick 'N Save surrendered its license and went through the entire application process again, complete with publication notices. The council then granted Pick 'N Save a new license.

■

An issue is moot if the determination sought will have no practical effect on an existing controversy. *See DeLaMatter v. DeLaMatter*, 151 Wis. 2d 576, 591, 445 N.W.2d 676, 683 (Ct. App. 1989). We generally do not decide issues which are moot. *See id.* However, we may do so in certain circumstances, for example, if the issue is capable of repetition without review or if the circuit courts have no guides to decide the issue presented. *See State v. Gray*, 225 Wis. 2d 39, 66, 590 N.W.2d 918, 932 (1999) (citing *State ex rel. La Crosse Tribune v. Circuit Ct.*, 115 Wis. 2d 220, 229, 340 N.W.2d 460, 464 (1983)).

■

H.D. Enterprises does not assert that Pick 'N Save's new license is invalid or that the council failed to

follow proper procedure in granting this new license.[1] Accordingly, our decision regarding H.D. Enterprise's arguments that the City did not have authority to reconsider its previous denial of the license, or that it did not wait the mandatory fifteen days, will have no practical effect on the validity of Pick 'N Save's license. Because Pick 'N Save now holds a new license, the validity of which is not contested, these issues are moot. Therefore, we decline to address their merits.

**Notice.**

H.D. Enterprises also argues that the public notice for the City's February 10th meeting on the license did not contain enough specific information to adequately inform the public about the matter being addressed; and therefore, the City failed to comply with § 19.84(2), STATS. Under § 19.97(4), STATS., a person who is successful on the merits of such a claim may be awarded costs and reasonable attorney fees. Because of the remedies available to H.D. Enterprises, the notice issue is not moot. Therefore, we address its claim that the word, "licenses," was inadequate notice that the council would reconsider the denial of Pick 'N Save's license.

Section 19.84(2), STATS.,[2] requires that a public notice set forth the time, date, place and subject matter of a meeting in such form as is likely to reasonably apprise members of the public. H.D. Enterprises' claim

---

[1] Accordingly, we make no determination whether the City's grant of the new license was proper.

[2] Section 19.84(2), STATS., states in relevant part:

Every public notice of a meeting of a governmental body shall set forth the time, date, place and subject matter of the meeting, including that intended for consideration at any contemplated closed session, in such form as is reasonably likely to apprise members of the public and the news media thereof.

that the notice was inadequate does not take issue with the sufficiency of notice regarding the date, place and time of the meeting. Rather, it contends that the notice failed to specify the subject matter of the meeting as required by the statute, because only the word, "licenses," appeared on the council's agenda.

Although the Wisconsin courts have had very few opportunities to determine what must be contained within a public notice in order to comply with the open meetings notice provisions, we did address the issue in *State ex rel. Schaeve v. Van Lare*, 125 Wis. 2d 40, 370 N.W.2d 271 (Ct. App. 1985). In that case, Schaeve, similar to H.D. Enterprises, argued that a public notice did not contain enough specific information to adequately inform the public of the subject matter of the hearing; and therefore, the Board of Education violated the open meetings statute. *See id.* at 47, 370 N.W.2d at 275. The notice at issue stated that the Board would "conduct a hearing to consider the possible discipline of a public employee." *See id.*[3] We concluded that "[t]his information was specific enough to apprise members of the public as to the subject matter of the hearing," and we concluded that there was "no requirement in [§ 19.85(1)(b), STATS.,] that the subject matter of a meeting must be explained with any more specificity." *See id.*

Similar to *Schaeve,* we conclude the word, "licenses," was specific enough to apprise members of the public as to the subject matter of the meeting. There is no requirement in the statute that the subject matter of a meeting be explained with any more speci-

---

[3] Under the statutes in effect at the time, Schaeve was also entitled to actual notice of the evidentiary hearings to determine her termination. Schaeve did receive actual notice and was present at the meetings in question.

ficity. We also note that the first meeting which considered the application of Pick 'N Save was attended by H.D. Enterprises, and the agenda for that meeting also used only the word, "licenses," to indicate the subject matter of the hearing. Therefore, H.D. Enterprises had experience that the term "licenses" encompassed the council's discussion of liquor license applications. H.D. Enterprises did not complain at the time of the first meeting about a possible open meeting violation because of the lack of specificity with the agenda for the January 27th meeting.

Additionally, we decline to burden municipalities with an obligation to detail every issue that will be discussed under every agenda item during meetings when that is not mandated by statute. We agree with the Attorney General, who has opined that the general topic of items to be discussed is sufficient to satisfy the statute:

> The basic thrust of the open meeting law is to provide the best notice available to the public of the nature of the governmental business which will be conducted. This policy does not, in my opinion, require exacting specificity. Thus, such general designations as "miscellaneous business" or "such other matters as may come before the body" are probably adequate notice to the press and the public that items not specifically listed on the agenda may be considered.

66 Op. Att'y Gen. 68, 70 (1977).[4] The legislature may choose to mandate that a municipality must identify

---

[4] Although we acknowledge the dissent's concern, to require a municipality to list each individual request that may come before the board, or in the alternative to prove that consideration of the request was a late addition to the agenda, before discussion could occur, it would go beyond the statutory require-

whose application for licensing it will consider at each meeting under the open meetings law. However, such a change is for the legislature, not this court.

## CONCLUSION

■ We conclude that the City of Stoughton provided adequate notice of its agenda for the common council meeting under § 19.84(2), STATS., and that it did not violate the open meetings law. Accordingly, we affirm.

*By the Court.*—Order affirmed.

VERGERONT, J. *(concurring in part; dissenting in part)*. While I agree with the majority decision on mootness, I write separately because I conclude the public notice for the February 10, 1998 meeting of the common council of the City of Stoughton does not meet the requirements of § 19.84(2), STATS.

In my view, *State ex rel. Schaeve v. Van Lare*, 125 Wis. 2d 40, 370 N.W.2d 271 (Ct. App. 1985), does not support the decision of the majority that the public notice satisfies the statutory requirements, nor does it provide guidance for the resolution of this appeal. In *Schaeve*, the identification of the subject to be discussed in the closed session—"to conduct a hearing to consider the possible discipline of a public employee"—was more specific than the identification in this case—"licenses." *Id.* at 47, 370 N.W.2d at 275. Moreover, the plaintiff in *Schaeve* was not arguing that the subject matter should be more specifically identified in the public notice; for example, she was not contending that the name of the

ments and would create opportunities for additional litigation over the sufficiency of the notice.

employee—hers—should have been included, or the reason for the possible discipline. (Indeed, she had elected to have this subject addressed in a closed session, which she had a statutory right to do.) Rather, she was contending that the public notice should have informed the public that she had a right to demand that the hearing be held in open session. *Id.* We held that such a statement was required in the actual notice given to the public employee under § 19.85(1), STATS., but was not required in the public notice under § 19.84(2), STATS. *Id.* It was in this context that we held, without further discussion, the "information [in the public notice] was specific enough to apprise members of the public as to the subject matter of the hearing." *Id.*

Since I do not find *Schaeve* to assist in resolving the issue whether more specific subject matter notice is required by § 19.84(2), STATS., I turn to the declaration of the policy underlying the open meetings law. Section 19.81(1) and (4), STATS., provide as follows:

> **Declaration of policy**. (1) In recognition of the fact that a representative government of the American type is dependent upon an informed electorate, it is declared to be the policy of this state that the public is entitled to the fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental business.
>
> . . . .
>
> (4) This subchapter shall be liberally construed to achieve the purposes set forth in this section, and the rule that penal statutes must be strictly construed shall be limited to the enforcement of forfeitures and shall not otherwise apply to actions brought under this subchapter or to interpretations thereof.

489

The connection between these policies and the public notice requirement was discussed in *State ex rel. Badke v. Village Bd.*, 173 Wis. 2d 553, 494 N.W.2d 408 (1993), in the context of deciding whether the public notice of a plan commission meeting was sufficient, where the court had found the meeting also constituted a meeting of the village board. The village argued that the notice of the plan commission meeting informed the public of the meeting and the subject matter. The court rejected the argument that this notice satisfied the requirement of public notice of the meeting of the village board:

> However, notice of only the Plan Commission meeting contravenes the policies behind the open meeting law because it does not give citizens the fullest public knowledge. The notice of the Plan Commission meeting alone does not alert the public of the importance of the meeting because it does not notify the public that a quorum of the Village Board will also be present to gather information upon which they will base their final vote. If the public knows that the Village Board's trustees are going to the Plan Commission meeting they will likely realize that the meeting is important and that the proposal discussed is probably something over which the Village Board will ultimately exercise final decisionmaking authority. Notice of a Village Board meeting alerts the public that what might otherwise be a relatively innocuous meeting of the Plan Commission might be more than that. Notice that a quorum of the Village Board will attend informs the public that it can go to the meeting and obtain the same information upon which the Village Board may be basing its decision.

*Id.* at 577–78, 494 N.W.2d at 417.

The *Badke* court's discussion of the requirement in § 19.81(2), STATS., that "all meetings . . . shall be publicly held in places *reasonably* accessible to members of the public and shall be open to all citizens at all times . . ." is also instructive in deciding how to interpret the requirement in § 19.84(2), STATS., that the public notice "set forth the time, date, place and subject matter of the meeting. . . . in such form as is *reasonably* likely to apprise members of the public and the news media thereof." (Emphasis added.) The court concluded absolute accessibility was not necessary, and "[t]he word 'reasonably' suggests a balancing by the court on a case by case basis to review whether a meeting was reasonably accessible to the public." *Id.* at 580, 494 N.W.2d at 418. The court also emphasized that the accessibility requirement should not be interpreted in a way that "would unduly burden local government," and suggested that a reasonableness standard, properly applied, avoided that. *Id.* at 581, 494 N.W.2d at 419. After considering the facts of the meeting at issue—the number of people who were able to fit into the space in which the meeting was held compared to the number denied admission because of space—the court held that the location of the meeting provided reasonable access.

In my view we should consider whether the general heading of "Licenses" under "New Business" was reasonably likely to inform the public that the common council would be reconsidering its denial of an application for a liquor license, taking into account, among other factors, the burden on the municipality of a more specific designation of subject matter. The only reasonable inference from the record is that the disposition of this application was of considerable public interest, and that the reconsideration of the denial was not routine. I conclude the public would not likely understand

491

from the public notice that reconsideration of the Pick 'N Save application was going to take place at the February 10, 1998 meeting.

Nothing in the record indicates that it would have been burdensome to the City of Stoughton to state in the public notice that the denial of the license was going to be reconsidered: there are, indeed, many other items at least as specific, under both Old Business and New Business. The record also indicates that the City knew that reconsideration of the license would be taken up at the February 10 meeting in sufficient time to prepare the public notice of it at least twenty-four hours before the meeting as required by § 19.84(3), STATS. There is also no indication that it was urgent that a decision of reconsideration be made on February 10, 1998, if for some particular reason the item was not able to be included in the public notice in spite of the fact that it was known ahead of time.

It is true that the attorney general opinions cited by the City indicate that general headings such as " Citizens and Delegations," 66 Op. Att'y Gen. 68, 70 (1977), and "agenda revisions," 66 Op. Att'y Gen. 93, 96 (1977), may be sufficient notice under the statute in some situations. However, these decisions also state that where members or the presiding officer know of specific items in advance of the meeting, specific notice should be given. *See* 66 Op. Att'y Gen. 93, 96; 66 Op. Att'y Gen. 68, 70; 66 Op. Att'y Gen. 143, 144–45. Indeed the very next sentence in the paragraph quoted in the majority opinion states: "I would caution, however, that where the presiding officer of a governmental body has specific knowledge that matters may come before the body, they should be included on the agenda." 66 Op. Att'y Gen. 68, 70. The attorney general opinions also indicate that matters of importance or of wide

interest that come up unexpectedly should be postponed until more specific notice can be given, unless it is urgent that action be taken immediately. *See* 66 Op. Att'y Gen. 93, 96; 66 Op. Att'y Gen. 68, 70. Attorney general opinions are not, of course, binding on courts. However, I believe it worth noting that those cited by the City do not approve general headings as a substitute for a more specific description of the subject matter, when the governmental entity knows beforehand that a particular item of business that is of wide interest will be taken up at a meeting.

I do not find persuasive the majority opinion's reference to H.D. Enterprises' knowledge that the general heading "Licenses" was used in the public notice for the January 27 meeting, at which Pick 'N Save's initial application was discussed. Even if that general heading under "New Business" might be reasonably likely to inform the public that new license applications of all sorts will be discussed (taking into account all the circumstances, including the burden on the City of being more specific in that context), such a conclusion does not adequately address the issue on this appeal.

Finally, I do not agree that interpreting § 19.84(2), STATS., to require more specificity than "Licenses" in the circumstances of this case, constitutes "changing" the statute. The legislature has chosen to require public notice of meetings to include the subject matter in a "form as is reasonably likely to apprise members of the public and the news media thereof." Section 19.84(2). It is most definitely the task of this court to interpret and apply that language in the light of the stated policy of the statute and case law precedent.

I also acknowledge that the City of Stoughton took a number of actions after the February 10, 1998 meeting to address the complaints of these plaintiffs and

others over the way in which the reconsideration of the denial of Pick 'N Save's application was handled. The City is to be commended for those efforts. I do not intend to suggest that the City was intentionally trying to keep the public from knowledge that the reconsideration of the denial of Pick 'N Save's application was to be taken up at the February 10 meeting. However, I do not believe the City's intent bears on the question whether the public notice of that meeting fulfills the requirements of § 19.84(2), STATS. *See Badke*, 173 Wis. 2d at 560, 494 N.W.2d at 410.

For these reasons, I respectfully dissent on the issue of public notice under § 19.84(2), STATS.